[Civ. No. 2946.   Second Appellate District, Division One.—May 28, 1920.]

## E. P. LEWIS, Appellant, v. G. L. CRENSHAW, Respondent.

[1] VENDOR AND VENDEE — TRANSFER OF PROPERTY AND CONTRACT AS SECURITY—LIABILITY OF GRANTEE TO VENDEE.—The vendee of land, upon being notified by the grantee of his vendors, to whom the contract of sale was also assigned, that no further payments would be received, as there was some question about the title to the land (a proceeding to foreclose a prior mortgage of record having been instituted), is not entitled to recover from such grantee the payments made under the contract of purchase, where the latter took the deed and assignment merely as security for certain sums of money which he had paid out under a surety bond executed for the benefit of such grantors in connection with an independent leasing transaction and did not assume the obligations of his grantors.

[2] TRIALS — ABRUPT MANNER OF TRIAL JUDGE — EFFECT ON APPELLANT'S COUNSEL—LACK OF PREJUDICE.—A judgment will not be reversed on appeal because the trial judge, in expressing his rulings, spoke laconically, decisively, and with great brevity, where there is nothing to show that the disposition of the court was other than usual, or that any prejudice resulted to appellant which prevented him from showing that the facts were different from those appearing in the record, however much the abrupt manner of the trial judge may have been disconcerting to appellant's counsel.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

M. O. Graves for Appellant.

Hickcox & Crenshaw for Respondent.

JAMES, J.—In this case, at the conclusion of the hearing of the testimony on behalf of the plaintiff, the court granted a motion for judgment of nonsuit as to Crenshaw Security Company.   At the conclusion of all the evidence the court directed the jury to find a verdict in favor of

the defendant G. L. Crenshaw. The cause was not tried as to the defendant Brent Investment Company, that defendant apparently not having been required to answer the complaint of the plaintiff. The appeal is from the judgment. Originally there were several suits brought against the same defendants by different individuals, all the claims being based upon similar facts and, by stipulation, all of said causes were agreed to be considered and determined at the trial had under the title first above given. As no useful purpose will be served in treating the matter otherwise, we will refer to the case in general as though there were but the one plaintiff interested herein.

[1] In May, 1914, the plaintiff entered into a contract with defendant Brent Investment Company, a corporation, by which contract, in consideration of the initial payment of a certain sum of money and monthly payments thereafter to be made until the whole sum mentioned in the contract was discharged, the Brent Investment Company agreed to convey to the plaintiff a certain parcel of land. Plaintiff made payment for a time of the various installments required to the Brent Investment Co. A notice was then received by him, which was in part as follows:

"Your contract with the Brent Investment Company for the purchase of Lot No. 52, in Tract 909, has been turned over to us. . . . Your future payments must be made to us and we wish you to be prompt according to the terms of your agreement. We wish you would bring your contract with you when you make next payment, so that we may compare amounts paid and see if the duplicate and original contracts agree. This will be a convenience to us as well as yourself.          Yours truly,

"G. L. CRENSHAW."

That notice was dated May 30, 1916, and for a number of months thereafter plaintiff made payments to Crenshaw and received receipts for the account. After having so made payments to Crenshaw, plaintiff was notified by Crenshaw at his office that no more payments would be received, as there was some question about the title to the land. It appeared that on the 12th of October, 1911, Brent and his wife, who were evidently the owners of the entire tract, a parcel of which plaintiff had later contracted to buy,

had created a lien by mortgage against the same to secure a promissory note in the sum of $29,507; that at about the time Crenshaw notified plaintiff that he would no longer receive payments on account of the contract referred to, foreclosure proceedings had been instituted on this mortgage. Having tendered payment of an installment and meeting with Crenshaw's refusal to accept the same, plaintiff brought this action to recover back the money theretofore paid to Brent Investment Company and to Crenshaw. It was shown in evidence that Crenshaw had become surety on a bond for a large amount for the benefit of the Brents in connection with the leasing of property in the city of Los Angeles by the Brents, the lease transaction being wholly disconnected from the property affected by the contract of plaintiff. Crenshaw had been required to pay out a large amount of money—a sum in excess of $10,000—on account of his surety liability, and in order to protect him the Brents, at Crenshaw's suggestion and as security for the repayment of the amounts which Crenshaw had paid out under the bond referred to, executed their deed to the tract of land affected by the contract of plaintiff, conveying the same to Crenshaw, and also for the same purpose made assignment of the contracts of plaintiff and other similar holders. Crenshaw did not become a party to the contract of plaintiff, unless the effect of the assignment imposed that relation upon him. The evidence as heard by the court, however, was uncontradicted to the point that the transaction between the Brents and Crenshaw, whereby the deed was made and delivered and the assignment of the contract made, created a contract for security only. It was upon this state of the evidence that the court held as a matter of law that Crenshaw did not assume the obligation of the Brents toward the plaintiff; and upon that evidence we cannot perceive why any different conclusion should be contended for. The plaintiff and the other contract holders made their contracts with the Brent Investment Company, relying upon the ability of that company to perform its obligations, with full knowledge or means by which knowledge might be obtained as to the condition of the title to the property contemplated to be conveyed. They made no new contract with Crenshaw, Crenshaw did not indorse his name upon the contracts as assuming the obligations imposed upon the

vendors thereunder. The Brent Investment Company at all times remained liable as the contracting party and the only contracting party against whom the plaintiff was entitled to seek redress. If the plaintiff at the time of the transfer of the contract so made by the Brent Investment Company to Crenshaw had ascertained that the Brent Investment Company would be unable to comply with its contract and had been. persuaded and induced fraudulently by Crenshaw to continue to make payments, it is possible some cause of action might have arisen in plaintiff's favor. No such cause of action is claimed or pleaded. Nor was there anything in the evidence to show that plaintiff no longer placed reliance upon the Brent Investment Company because of any reputed insolvency, or that he had any knowledge which gave him reason to believe that Crenshaw was financially responsible and his grantor was not. There was some testimony given on the part of the plaintiff and other contract holders to the effect that Crenshaw had stated that they would get their deed or their money back; but this was neither predicated upon any pleading proposing the issue suggested nor upon any further evidence showing that the plaintiff was induced because of such representation to continue making payments which he would otherwise not have made or been legally bound to make. On the statement of the .case as the record shows it and as we have epitomized it in the foregoing, it must at once be clear that no right of recovery in the plaintiff existed as against Crenshaw or the Crenshaw Security Company; hence the court was entirely justified in the action taken.

[2] An objection is made that the court erred in admitting certain testimony and excluding other evidence offered; further, that the peremptory manner of the trial judge prevented plaintiff from having full and fair consideration in the presentation of his case. The trial judge, it may be stated, in expressing his rulings, spoke laconically, decisively, and with great brevity. However much the abrupt manner of the judge may have been disconcerting to plaintiff's counsel, there is nothing to show that the disposition of the court was other than usual, or that any prejudice resulted to the plaintiff which prevented him from showing that the facts were different from those as we have stated them. The trial judge was headed in the

right direction, and if he reached a legally logical conclusion, it makes little difference whether this end was arrived at by a short-cut or otherwise.

We have examined all of the assignments for error and are satisfied that no miscarriage of justice is expressed in the judgment as rendered.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.