[Civ. No. 3430. Second Appellate District, Division One.—December 7, 1920.]

## JOSEPH LOVELACE, Appellant, v. G. L. CRENSHAW et al., Respondents.

[1] VENDOR AND VENDEE — ASSIGNMENT OF CONTRACT OF SALE AS SECURITY—LIABILITY OF ASSIGNEE FOR NONPERFORMANCE.—Where a contract for the sale of certain land is assigned by the vendor as security for an indebtedness, and a deed in ordinary grant form covering the property is also made to such assignee for a like purpose, but the latter does not assume the obligations of the original vendor, he cannot be compelled to perform such contract or to answer in damages for the nonperformance thereof, notwithstanding that subsequent to the assignment of such contract he accepts payments thereunder from the vendee.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. L. Kilgore for Appellant.

Hickcox & Crenshaw for Respondents.

JAMES, J.—This action was brought in part to compel specific performance of a contract made by defendant Brent

Investment Company, whereby said Investment Company agreed, in consideration of certain payments to be made to it, to convey to the plaintiff a certain parcel of real estate. Judgment was in favor of all of the defendants except the Brent Investment Company, and plaintiff has appealed therefrom. The judgment as to said Investment Company was for the recovery of damages only. [1] So far as the appeal is concerned, the only complaint made by the plaintiff is that the defendant Crenshaw should have been required to respond under the judgment, on the ground that he had assumed the obligations of Brent Investment Company. This claim arises through the fact that, after the making of the contract between the Brent Investment Company and the plaintiff, the contract, together with a number of others of similar kind, was assigned to Crenshaw as security for an indebtedness owing by the Brent concern to said Crenshaw. A deed in ordinary grant form was also made for a like purpose by the Brents, conveying to Crenshaw the whole of the property involved. As a matter of fact, that property was at the time subject to a mortgage securing a large indebtedness of the Brents to others of the defendants. The evidence was clear to the point that both the assignment of the contracts and the making of the deed were acts done by the Brents to secure to Crenshaw the payment of money due from the former to the latter. To be sure, the contract holders, the plaintiff being one of these, made payments thereafter to Crenshaw, but by no act that the record discloses did Crenshaw assume the obligations of the original vendor. The legal condition resulting from these same facts was before this court and given full consideration in the case of *Lewis* v. *Crenshaw et al.*, 47 Cal. App. 781, [191 Pac. 72], the only substantial difference being that the plaintiff there was a different contract holder. His contract, however, was of the same kind, affected a part of the same property, and was dealt with in the same manner as was the plaintiff's here. It will be unnecessary to repeat the discussion in that decision made, and we refer to it as containing expression of the views which we hold as to the points involved in this appeal.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.