[L. A. No. 1159. Department Two.—November 4, 1903.]

THE PEOPLE, Respondent, v. HENRY C. GAY et al., Defendants; MARY E. CANTY, Assignee, Appellant.

JUDGMENT FORECLOSING CERTIFICATE OF PURCHASE—MOTION OF ASSIGNEE TO VACATE—APPEAL—AFFIDAVIT NOT PART OF RECORD—PRESUMPTION.—Upon appeal from an order denying the motion of an assignee of a certificate of purchase of school land to vacate a judgment foreclosing the certificate of purchase, for a defective affidavit for publication of summons, where the only proof that she was such assignee is an affidavit not embodied in any bill of exceptions, but merely certified by the clerk, the affidavit is no part of the record, and cannot be considered for any purpose. There being nothing in this court to show that appellant was a party aggrieved, or had any interest in the controversy, or any right to make the motion, it must be presumed the motion was properly denied.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to vacate a judgment. W. B. Cope, Judge.

The facts are stated in the opinion.

F. D. Brandon, and C. F. Carrier, for Appellant.

Tirey L. Ford, Attorney-General, and E. W. Squier, District Attorney, for Appellant.

GRAY, C.—This is an action brought by the state against the holder of a certificate of purchase of certain school land in Santa Barbara County to foreclose his right and title therein for non-payment of interest thereon.

The summons was published and judgment thereafter entered for plaintiff July 9, 1896. In 1901 Mary E. Canty seems to have moved the court to set aside the judgment because of a defective affidavit for publication of the summons. The court denied the motion, and Mary E. Canty appeals. The appellant was not a party to the suit or judgment of which she complains. There is, however, printed in the transcript an affidavit showing that she is by deed the successor in interest to the rights of the defendant Gay in and to the land in question. This affidavit is not included in any bill of exceptions, nor is it certified in any way except by a certificate of the clerk of the trial court. It cannot therefore be considered upon this appeal for any purpose. (Rule XXIX of supreme court; *Melde* v. *Reynolds,* 120 Cal. 234.) This leaves nothing before us to show that appellant was a party aggrieved, or had any interest in the controversy, or any right to make the motion. We must therefore presume that the trial court properly denied the motion.

We advise that the order appealed from be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.