[Civ. No. 559. First Appellate District.—February 15, 1909.]

# E. R. McDONNELL, Respondent, v. P. A. McDONNELL, Appellant.

DEED OF GIFT FROM AGED AND ILL PERSON—SHOWING REQUIRED AGAINST INFLUENCE OF DONEE.—When a person enfeebled in mind by disease and old age is so placed as to be subjected to the influence of another, and makes a voluntary disposition of property in his favor, the donee must prove that the donor understood the nature of the act and that it was not done through the influence of the donee.

ID.—ACTION TO QUIET TITLE UNDER DEED OF GIFT—SUPPORT OF FINDINGS OF PLAINTIFF.—In an action to quiet title under a deed of gift made to plaintiff by defendant while aged and ill, plaintiff being a nephew who had resided with defendant many years, a sufficient showing was made to support findings for plaintiff, by proof that defendant proposed the deed, and that it was drawn by an attorney of his own selection, who testified that he informed defendant of its nature, that he understood it and executed and acknowledged it freely and voluntarily, and directed it to be delivered to the plaintiff.

ID.—CONFLICTING EVIDENCE.—The testimony of the defendant that he understood that he was making a will in favor of all his nephews and nieces merely raises a conflict in the evidence, and cannot affect the support of the findings for the plaintiff by the testimony in his favor.

ID.—WANT OF CONSIDERATION.—The fact that the deed was a deed of gift, without pecuniary consideration, is not sufficient of itself to avoid the deed, though it is a circumstance to be considered by the court upon the question of the alleged fraud and undue influence.

ID.—IMMATERIAL QUESTION.—The court having found against the contentions of the defendant as to fraud and undue influence and want of capacity of the defendant, any finding upon the question of want of consideration became immaterial, especially where it was not pleaded as a separate and distinct defense.

ID.—FINDING AGAINST IMMATERIAL ISSUE NOT GROUND FOR NEW TRIAL. A finding against the issue as to want of consideration being on an immaterial issue is not ground for a new trial, though unsupported.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL—REVIEW—NEWLY DISCOVERED EVIDENCE—AFFIDAVITS NOT AUTHENTICATED.—Upon appeal from an order denying a motion for a new trial, affidavits printed in the transcript bearing on the question of newly discovered evidence, without being incorporated in the bill of exceptions, or in any way authenticated, cannot be considered by this court.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

A. F. St. Sure, and Earll H. Webb, for Appellant.

R. B. Tappan, and Chas. L. Colvin, for Respondent.

HALL, J.—This is an appeal from a judgment against defendant and the order of the court denying his motion for a new trial. Since the action was brought defendant died, and in due time an order was made substituting as defendants his executors, and later it appearing that before his death defendant had by deed conveyed the subject of the action to A. F. St. Sure, an order was made substituting him as defendant.

In this opinion, however, whenever we refer to the defendant we mean the original defendant.

The action was brought to quiet the title of plaintiff to a piece of real estate situate in Alameda county against the claim of defendant thereto. The complaint is substantially in the usual form of an action to quiet title, except that it appears therefrom that plaintiff deraigned his title from defendant through a deed of gift executed and delivered by defendant to plaintiff on the tenth day of December, 1903. A copy of the deed is attached to the complaint and made a part thereof.

Upon the trial of the issues presented by the pleadings the court found the facts in favor of plaintiff, and rendered judgment accordingly.

It is not pretended that defendant did not execute the deed set forth in plaintiff's complaint, but the defense is made that he was procured to sign the same through the fraud and undue influence of plaintiff, while mentally incapacitated by illness, and in the belief that he was making a testamentary disposition of his property to his four nephews and two nieces share and share alike. The case hinges upon the question as to whether or not the findings against defendant upon these contentions are sustained by the evidence.

Plaintiff is a nephew of defendant, and had lived with him for many years. Plaintiff's late wife (deceased before this transaction) had also lived with defendant for fifteen years before her marriage to plaintiff. Defendant was seventy-seven years of age and ill, and doubtless expected to die of such illness, though he in fact recovered. The deed was without consideration other than love and affection.

Conceding to the fullest extent that this is a case for the application of the rule stated by appellant, "that where a person, enfeebled in mind by disease or old age, is so placed as to be likely to be subjected to the influence of another, and makes a voluntary disposition of property in favor of that person, the courts require proof of the fact that the donor understood the nature of the act, and that it was not done through the influence of the donee," such proof was furnished. The most that can be said in favor of the contention of appellant is that there is a conflict in the evidence. There is evidence to the effect that the first suggestion that defendant should do anything about his property or his affairs came from his physician, who told defendant that he might die shortly and should attend to any business that he desired

to do right away. Plaintiff testified that after the doctor had gone, defendant stated his purpose to give the property to plaintiff, that defendant said, "Now, there is only you and your baby left, and you go over and get Billy Simpson to come over, and I will give you a deed." Defendant got a deed from a tin box containing a description of the property, so plaintiff could take it over to Mr. Simpson in order that he could make out the deed at his office. Plaintiff took this deed to Mr. Simpson, who is an attorney at law and a notary public, and he prepared a gift deed from defendant to plaintiff of the property in suit. Later in the day Mr. Simpson with plaintiff brought the deed to defendant, and both testified that Mr. Simpson explained to him that it was a gift deed of the property from defendant to plaintiff. The testimony of these two witnesses is clearly to the effect that defendant was informed that he was deeding the property to plaintiff, and that he understood what he was doing, and expressly stated that he wanted the property to go to plaintiff, and assigned as a reason for the execution of a deed that he wanted to avoid any probate. After signing the deed defendant directed Mr. Simpson to hand it to plaintiff, which was then done.

If the court believed this testimony, it is apparent that the proposition to deed the property to plaintiff came from defendant, and that the deed was prepared by an attorney of his own selection, and executed by defendant freely, voluntarily, with full knowledge of its effect.

As opposed to this, defendant introduced testimony from his physician as to his mental condition, to the effect that he was not clear in his mind. But appellant is obliged to concede that the testimony of this witness upon cross-examination was not altogether consistent with his direct evidence. The testimony of the defendant himself is to the effect that the document he signed was not explained to him, and that when he signed it he believed it to be a will. In his own testimony, given about eighteen months after the transaction, he does not attempt to make it appear that his mind was not clear at the time he signed the document, but on the contrary is very clear and positive in his statements of what occurred at that time. His testimony simply raised a conflict between himself and plaintiff and Mr. Simpson.

The fact that the conveyance was without consideration is in itself not sufficient to avoid the deed. It is a circumstance to be considered by the court upon the question of fraud and undue influence.

"To hold that gifts voluntarily made, and with full knowledge of all the facts, and of the nature and effect of the transfer, should be set aside because the donor had divested himself of his property, would be to establish a rule that no man can make a voluntary disposition of his estate except by will." (*Soberanes* v. *Soberanes,* 97 Cal. 145, [31 Pac. 910]; see, also, *Carty* v. *Connolly,* 91 Cal. 15, [27 Pac. 599]; *Mowry* v. *Heney,* 86 Cal. 471, [25 Pac. 17].)

The court having found against the contention of defendants as to fraud, undue influence and want of capacity, any finding upon the question of want of consideration became immaterial.

Want of consideration was not pleaded in connection with the defense of fraud and undue influence, but was pleaded as a separate and distinct defense, and as so pleaded it constituted no defense at all, and no finding on it was required— and although the court, incorrectly in point of fact, found against the issue of no consideration, such finding was on an immaterial issue, and does not require a new trial.

There are printed in the transcript certain affidavits upon the question of newly discovered evidence, but as they are not contained in the bill of exceptions or in any way authenticated, they cannot be considered by this court. (Supreme Court Rule 29, [78 Pac. xii]; *People* v. *Wrin,* 143 Cal. 12, [76 Pac. 646]; *Esert* v. *Glock,* 137 Cal. 533, [70 Pac. 479]; *People* v. *Gay,* 141 Cal. 42, [74 Pac. 443].)

The judgment and order must be affirmed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.