[L. A. No. 4498. Department One.—July 18, 1918.]

## J. H. LIEMAN, Appellant, v. JOSEPH CHARLES GOLLY, Respondent.

ACTION TO SET ASIDE DEEDS—FRAUD—INSANITY—LACK OF CONSIDERATION—FRIVOLOUS APPEAL.—In an action to set aside conveyances on the ground of unsoundness of mind of the grantor, lack of consideration, undue influence, and fraud, where the trial court found every issue in favor of the defendant and an appeal from the judgment was taken on the judgment-roll alone, the appeal was wholly without merit.

ID.—VOLUNTARY TRANSFER—CONSIDERATION UNNECESSARY.—Where such conveyance was executed voluntarily, with knowledge of its contents and with intent to convey, no consideration was necessary, under section 1040 of the Civil Code.

ID.—APPEAL TAKEN FOR DELAY—DAMAGES IMPOSED.—Where an appeal was evidently taken merely for delay, it is a proper case for the imposition of damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Henry G. Bodkin, for Appellant.

G. Harold Janeway, and Hunsaker & Britt, for Respondent.

SHAW, J.—The appeal is from the judgment on the judgment-roll alone.

The plaintiff by his complaint sought to annul two deeds executed by his daughter, Annie M. Golly, to the defendant, at different dates, one on July 1, 1912, and the other on December 3, 1912, for the same parcel of land, and for a judgment declaring that the title to the parcel of land covered by

said deeds, vested in the heirs of said Annie M. Golly, the plaintiff being one of such heirs. The grounds for the claim that the deeds are void or voidable are that Annie M. Golly at the time of the execution of said deeds was of unsound mind, that no consideration passed from said defendant for the execution thereof, and that the execution of each deed was procured from her by defendant by means of undue influence and fraud. Issue was taken upon these allegations and the cause was tried by the court.

The findings of the court on the material issues are that said Annie M. Golly was sane at the time of the execution of the deeds, that they were not obtained from her by any undue influence or fraud, and that they were executed for a good consideration.

The appeal is wholly without merit. The findings cover all the issues and are in favor of the defendant on all of them. In his brief the appellant claims that the finding of the consideration is insufficient. The ninth finding states that each of said deeds "was executed for a good consideration passing from defendant to said Annie M. Golly." No further finding was necessary. On the contrary, since the findings also show that the deeds were executed voluntarily and with knowledge of their contents and the intent to convey, no consideration was necessary to support the deeds as valid conveyances of the land. (Civ. Code, sec. 1040.)

There is some discussion of the question whether the deed of July 1, 1912, was executed properly. As the deed of December 3d was properly executed, the point is wholly immaterial, for the last deed would convey the property even if the first was void.

There is no reason whatever for the claim that the judgment is not supported by the findings and the record presents no other grounds for review of the appeal. The only conclusion we can reach is that it was taken simply for delay and that it is a proper case for the imposition of damages, which we hereby fix at the sum of fifty dollars.

Judgment is affirmed, and it is considered by the court that the defendant recover of the plaintiff the sum of fifty dollars as damages.

Sloss, J., and Richards, J., *pro tem.,* concurred.