[Civ. No. 4777. First Appellate District, Division Two.—May 13, 1924.]

## ANNA GOEHRING, Appellant, v. J. BLAINE ROGERS et al., Respondents.

[1] NEW TRIAL—ORDER GRANTING—INSUFFICIENCY OF EVIDENCE—APPEAL—DISCRETION.—Appellate courts are loath to reverse an order of a trial court granting a new trial after a verdict by the jury when one of the grounds stated is the insufficiency of the evidence. It is only in cases where the discretion of the trial court in this respect has been grossly abused that the appellate courts will set aside the order.

[2] NEGLIGENCE—INJURY TO PASSENGER ON AUTOMOBILE—ACTION FOR DAMAGES AGAINST DRIVERS OF COLLIDING AUTOMOBILES—INSTRUCTION—INVASION OF PROVINCE OF JURY.—In an action for damages against the drivers of two colliding automobiles for personal injuries sustained by plaintiff as a result of a collision between the automobile in which she was riding as a passenger and another automobile at a street intersection, there having been some evidence on the part of the driver of the automobile in which plaintiff was riding that he did decrease the speed of his car before entering the intersection and that he increased it when he passed into the intersection and endeavored to get ahead of the other car, the truth of this evidence was a matter for the determination of the jury, and an instruction to the effect that if the jury should find that a careful and prudent driver would have decreased the speed of his automobile prior to entering the intersection of the streets, then it should find the driver of car in which plaintiff was riding guilty of negligence, encroached upon that function of the jury.

1. See 20 R. C. L. 277.

2. Respective functions of court and jury in regard to question of proximate cause, note, Ann. Cas. 1913B, 351. See, also, 19 Cal. Jur. 749; 20 R. C. L. 166.

[3] ID.—FACT—INSTRUCTION.—In such action, the trial court, by instructing the jury that the driver of the car in which plaintiff was riding could not excuse his driving at "an excessive rate of speed just prior to the time of the collision" merely because he thought he could in that way avoid an accident, again assumed to pass upon the facts which were in dispute.

[4] ID.—LIABILITY OF DEFENDANTS—INSTRUCTION.—An instruction in such action to the effect that if the jury found that the driver of the car in which plaintiff was riding was negligent in the operation of his car after he had seen the car of his codefendant approaching the street intersection, by increasing the speed of his car, and such action was the sole proximate cause of the injury, their verdict should be in favor of the codefendant, even if they should find that the codefendant was negligent, if they also found that such negligence of the latter was not the proximate cause of the collision, was a correct statement of the law. (Opinion of supreme court, on denial of hearing.)

[5] ID.—PROXIMATE CAUSE—INSTRUCTION.—An instruction in such action which told the jury that, if they found that the codefendant was driving his car on the left-hand side of the road, that fact would not in itself be sufficient to hold him liable, but it would be necessary for the jury to further find that such act was the direct and proximate cause of the injury, and that the jury must affirmatively find that if said codefendant had been driving on the right-hand side of the center of the road the collision would not in fact ·have occurred, was incorrect only to the extent that it required the jury to find that the negligence of said codefendant was "the *direct and* proximate cause of the injury" in order to return a verdict against the latter. (Opinion of supreme court, on denial of hearing.)

[6] ID.—PROXIMATE CAUSE.—The law does not require that a defendant's negligence be both a direct and proximate cause of the injury in order to render him liable. It is sufficient if such negligence be a proximate cause of the injury, and a proximate cause may be either a direct or an indirect cause. (Opinion of supreme court, on denial of hearing.)

[7] ID.—INSTRUCTIONS—NEW TRIAL.—In such action, even if both of the foregoing last two instructions had been erroneous in that they were unduly favorable to the codefendant, this would

3.  See 14 R. C. L. 740.

4.  See 3 Cal. Jur. 1003.

6.  Proximate cause, notes, 50 Am. Rep. 569; 36 Am. St. Rep. 807. See, also, 19 Cal. Jur. 556; 3 Cal. Jur. 929; 2 R. C. L. 1190.

7.  Liability for injury to passenger by negligent operation of automobile, notes, Ann. Cas. 1915D, 345; Ann. Cas. 1918B, 1098; Ann. Cas. 1918E, 1127; 21 L. R. A. (N. S.) 81; 35 L. R. A. (N. S.) 658. See, also, 3 Cal. Jur. 854.

not justify the granting of a new trial upon the motion of the defendant in whose car plaintiff was riding. The latter's liability depended solely upon the questions whether he was negligent and whether or not such negligence, if any, proximately caused or contributed to the injuries complained of. (Opinion of supreme court, on denial of hearing.)

(1) 4 **C. J.**, p. 833, sec. 2816.    (2) 38 **Cyc.**, p. 1672.    (3) 38 **Cyc.**, p. 1659.    (4) 29 **Cyc.**, p. 652.    (5) 28 **Cyc.**, pp. 38, 49.    (6) 29 **Cyc.**, p. 490.    (7) 28 **Cyc.**, p. 38; 29 **Cyc.**, p. 790.

APPEAL from an order of the Superior Court of Fresno County granting a new trial. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. F. McCormick and C. M. Ozias for Appellant.

Lindsay & Conley and Arthur Allyn for Respondent Rogers.

Everts, Ewing, Wild & Everts and S. P. Cory for Respondent Stjepovich.

NOURSE, J.—Plaintiff commenced this action against the two defendants charging them with joint negligence in the operation of their respective automobiles, resulting in serious injuries to the plaintiff, who at the time was a passenger in the machine driven by the defendant Rogers. The cause was tried before a jury and the plaintiff had a verdict against the defendant Rogers for $13,250. At the same time the jury rendered a verdict in favor of the other defendant, Frank Stjepovich. The defendant Rogers then moved for a new trial on all the legal grounds, including insufficiency of the evidence, and plaintiff moved for a new trial as to the defendant Stjepovich on errors of law alone. Both motions were granted. The plaintiff then appealed from the order granting a new trial as to the defendant Rogers and the defendant Stjepovich appealed from the order granting plaintiff a new trial as to him. Both appeals were taken under the provisions of section 953a of the Code of Civil Procedure and by stipulation are presented upon the same record. At this time we will consider the appeal of the plaintiff from the order

granting a new trial to Rogers, but will necessarily refer to the other appeal from time to time. To avoid confusion we will refer to the parties before this court as they appeared as plaintiff and defendants in the trial.

A brief statement of the facts will suffice. The plaintiff was riding in an automobile driven by the defendant Rogers traveling in an easterly direction along Tulare Avenue in the city of Fresno at about midnight of the 30th of October, 1921. He was proceeding at a speed under thirty miles an hour. As he approached the intersection of Tulare Avenue and Chestnut Avenue he noticed the lights of a machine driven by defendant Stjepovich coming southerly on Chestnut Avenue. At the time that he first noticed these lights he was about one-eighth of a mile from the point of intersection and the Stjepovich car was about the same distance north on Chestnut Avenue. He testified that when he came to the intersection he first put on his brakes and then speeded up in order to pass the defendant. He turned off to his right as far as he could and put on his brakes. The defendant Stjepovich's car, which was traveling on the left-hand side of the highway, struck the left rear wheel of Rogers' car, turning it completely over and throwing it into the field alongside of the road. There is no evidence that the defendant Rogers after he reached the intersection, slackened his speed until just about the moment when he was struck and then he was close to the southeasterly curb, the collision having taken place in the southeastern corner of the intersection.

The motion for a new trial on the part of the defendant Rogers was based upon the ground of the insufficiency of the evidence as well as errors at law. The order of the trial court granting the motion was based upon both these grounds. The plaintiff on these appeals takes the position that the court erred in granting the defendant Rogers a new trial, but insists that if that order is to be affirmed she should be entitled to again put the defendant Stjepovich to his defense because of the errors which resulted in his favor.

[1] Appellate courts are loath to reverse an order of a trial court granting a new trial after a verdict by the jury when one of the grounds stated is the insufficiency of the evidence. It is only in cases where the discretion of the trial court in this respect has been grossly abused that the

appellate courts will set aside the order. We are not called upon to make an extended review of the evidence for this purpose because we are satisfied that the errors of law occurring during the trial require an affirmance of both orders of the trial court.

[2] The plaintiff practically concedes the correctness of the order owing to the errors in instructions given by the trial court at the request of the defendant Stjepovich. On behalf of the defendant Rogers, in discussing this appeal, it is urged that, although he could not complain of errors favorable to his joint tort-feasor, he, nevertheless, is entitled to take advantage of errors in instructions of the court which amount to an instruction for a verdict against him. *(Scarborough* v. *Urgo,* 191 Cal. 341 [216 Pac. 584].) Following this view it is argued that the court erred to the prejudice of the defendant Rogers when it instructed the jury, in effect, that, if it should find that a careful and prudent driver would have decreased the speed of his automobile prior to entering the intersection of the streets, then it should find the defendant Rogers guilty of negligence. There was some evidence on the part of the defendant Rogers that he did decrease the speed before entering the intersection and that he increased it when he passed into the intersection and endeavored to get ahead of the other car. The truth of this testimony was a matter for the determination of the jury and this instruction of the trial court encroached upon that function.

[3] Objection is also made to instruction No. 20 wherein the trial court at the request of the defendant Stjepovich, instructed the jury that Rogers could not excuse his driving at "an excessive rate of speed just prior to the time of the collision" merely because he thought he could in that way avoid an accident. Here again the court assumed to pass upon the facts which were in dispute.

Particular stress is laid upon the claimed error in instruction No. 26, which reads as follows: "You are further instructed that if you find from the evidence that the defendant Rogers was negligent in the operation of his car after he had seen the car of defendant Stjepovich approaching the intersection of Chestnut Street and Tulare Avenue, by increasing the speed of his car, and such action of defendant Rogers was the sole proximate cause of the

67 Cal. App.—17

injury, your verdict should be in favor of defendant Stjepovich, even if you should find from the evidence that defendant Stjepovich was negligent, if you find that such negligence of defendant Stjepovich was not the proximate cause of the collision.'' The vice of this instruction is that it assumes to be true facts which were in dispute. Each defendant was insisting that he was free of negligence and that if any negligence occurred it was the result of the carelessness of the other. By the instruction under consideration the burden was placed upon the plaintiff and the defendant Rogers to show that the negligence of said defendant in increasing the speed of his car after he had seen the car of the defendant Stjepovich was not the sole proximate cause of the injury, and the jury was instructed that they should find in favor of the defendant Stjepovich even if they should find that he was negligent but should find also that his negligence was not the proximate cause of the collision. The plaintiff was proceeding upon the theory that both defendants were negligent. Thus the question of the speed of both cars, the manner of their operation at the intersection, which one had the right of way, and which one had the last clear chance to avoid the collision were all before the jury as bearing upon this question of joint negligence. It was not necessary to find that one defendant was guilty of negligence and the other free from negligence. It was possible under the circumstances for the jury to have found that both defendants were guilty of negligence. But this instruction eliminated that question from the consideration of the jury.

Instruction No. 28 is of similar import but was far more favorable to the defendant Stjepovich. In this the jury was instructed that, if they found that the defendant Stjepovich was driving his car on the left-hand side of the road, that fact would not in itself be sufficient to hold him liable, but it would be necessary for the jury to further find that such act was the direct and proximate cause of the injury, that the jury must affirmatively find that ''if Mr. Stjepovich had been driving on the right-hand side of the center of the road the collision would not in fact have occurred.'' Even if the negligence of defendant Stjepovich had not been the sole proximate cause of the injury, he might still be liable as a joint tort-feasor. In any event,

the jury was entitled to draw its own inferences from the facts which were in evidence, and this it was not permitted to do by the instruction under consideration.

Order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1924, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing and determination by this court after decision by the district court of appeal is denied. We do not, however, approve what is said in the opinion of that court in the discussion of instructions numbered 26 and 28. Neither of those instructions assumed the existence of any facts which were in dispute. Both instructions gave to the jury the rules of law to be applied to the facts as they should be determined by the jury. [4] Instruction number 26 is a correct statement of the law. It did not place the burden of proof or burden of showing upon the defendant Rogers, and it did not eliminate the question of the negligence of both defendants from the consideration of the jury. [5] Instruction number 28 is incorrect only to the extent that it requires the jury to find that the negligence of the defendant Stjepovich was "the *direct and* proximate cause of the injury" in order to return a verdict against the latter. [6] The law does not require that a defendant's negligence be both a direct and proximate cause of the injury in order to render him liable. It is sufficient if such negligence be a proximate cause of the injury, and a proximate cause may be either a direct or an indirect cause. [7] However, even if both of these instructions had been erroneous in that they were unduly favorable to the defendant Stjepovich, this would not justify the granting of a new trial upon the motion of defendant Rogers. His liability depended solely upon the questions whether he was negligent and whether or not such negligence, if any, proximately caused or contributed to the injuries complained of. These questions were wholly independent of the question whether or not his codefendant Stjepovich

was also liable. We agree with the conclusion of the district court of appeal as to the first two instructions discussed in its opinion and that the errors therein justified the granting of the new trial as to the defendant Rogers.

All the Justices concurred.