[Civ. No. 370. Fourth Appellate District.—April 18, 1931.]

GEORGE R. CLICK et al., Plaintiffs and Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants; CLARA EDITH MARTIN et al., Defendants and Respondents.

Power, McFadzean & Crowe and Devlin & Devlin & Diepenbrock for Appellants.

Russell & Heid for Defendants and Respondents.

No appearance for Plaintiffs and Respondents.

BARNARD, P. J.—On December 21, 1929, a collision occurred between an automobile owned by defendant Henry Wilburn Martin and driven by defendant Clara Edith Martin, and a railroad train owned and operated by the other defendants herein. One Mae Lilly Click was a passenger in the automobile referred to and in that collision she received injuries which later caused her death. This action was brought by the plaintiffs, one of whom was her husband and the other her minor son, to recover damages

suffered on account of the death of the said Mae Lilly Click. The action was tried before a jury and resulted in a verdict and a judgment in favor of the plaintiffs and against the defendants Southern Pacific Company, a corporation; Joe E. McComas and H. R. Pierce, and in favor of the defendants Martin. ■ An appeal was taken by the defendants against whom a judgment was entered, the appeal being both from the judgment against them and from the judgment in favor of the defendants Martin. The respondents Martin have moved to dismiss the appeal in so far as they are concerned, on the ground that the appellants are not parties aggrieved by the judgment in favor of these respondents, and that the appellants have no right of appeal from that particular part of the judgment.

Only the party aggrieved by a judgment may appeal therefrom. (Sec. 938, Code Civ. Proc.) In *Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 Pac. 999, 1003], a case arising out of a collision between a stage and an automobile and in which the owners of both vehicles were joined as defendants, the court said: "The next contention of appellant is that the evidence does not justify the implied finding that the stage was not being operated at an excessive rate of speed and that such rate of speed was not the proximate cause of decedent's injuries. This point cannot be raised by appellant. If both defendants were negligent and their negligence contributed to decedent's death, appellant cannot complain that respondent United Stages was exonerated by the jury, for they are both jointly and severally liable. (*Horgan* v. *Jones*, 131 Cal. 521 [63 Pac. 835]; *Benson* v. *Southern Pac. Co.*, 177 Cal. 777 [171 Pac. 948].)

In *Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584, 588], the court used the following language: "To be sure, the defendant Transit Company is not entitled in law to complain of the fact that its codefendant unjustly escaped liability, if such be the fact, . . . " In *Goehring* v. *Rogers*, 67 Cal. App. 253 [227 Pac. 687, 689], the plaintiff was injured in a collision between two automobiles, in one of which she was a passenger. The action was brought against the drivers of both cars as defendants. In denying a hearing after a decision in the District Court of Appeal, the Supreme Court, in passing upon certain contentions of one of the defendants, said:

■

"His liability depended solely upon the question whether he was negligent and whether or not such negligence, if any, proximately caused or contributed to the injuries complained of. These questions were wholly independent of the question whether or not his codefendant Stjepovich was also liable."

The liability of the appellants herein depends entirely upon the question as to their own negligence, and they are not concerned with the fact that their co-defendants were exonerated by the jury. They are therefore not parties aggrieved by the judgment entered in favor of the moving respondents.

The motion to dismiss the appeal, in so far as the respondents Martin are concerned, is granted.

Marks, J., and Jennings, J., concurred.