[Civ. No. 702. Fourth Appellate District.—April 30, 1931.]

ALICE L. NAHOOD, Respondent, v. MUTUAL MOTORS INCORPORATED (a Corporation) et al., Defendants; GEORGE W. BARTLE, Appellant.

Bernard L. Herlihy and Pinkham & Herron for Appellant.

Thomas H. Hearn for Respondent.

BARNARD, P. J.—This is an action for damages on account of injuries received by the plaintiff in a collison between an automobile driven by defendant Bartle and in which plaintiff was a passenger, and another automobile driven by defendant Selfrid. The collision occurred at a street intersection in Los Angeles on October 21, 1925. The action was tried before the court without a jury and a motion, for nonsuit was granted as to the defendant Mutual Motors Incorporated, a corporation. The court found that the defendant Selfrid was without negligence in the matter and gave judgment against the defendant Bartle, from which judgment this appeal is taken.

The appellant first contends that the evidence is not sufficient to sustain the court's findings as to negligence upon his part. The findings which are attacked are as follows:

"III.

"That at said time and place the defendant and Bartle negligently and carelessly failed to use circumspection and/or caution in and about the operation of his said auto-

mobile, and negligently and carelessly failed to keep the same under his control and negligently and carelessly failed to observe the approach of the said automobile operated by the defendant Selfrid, and negligently, carelessly and unlawfully failed to yield the right-of-way to the said automobile being driven by the defendant, Selfrid, said Bartle being at that time engaged in conversation with plaintiff (C. S. T., Judge), and there being then and there imminent danger of a collision between the said automobiles, the defendant Bartle negligently and carelessly failed to so control or operate or stop his said automobile as to prevent such collision."

"IV.

"That solely by reason of the negligent, careless and unlawful acts of the defendant Bartle, as aforesaid, and each thereof, the said automobiles were caused to and did collide at said time and place, and the plaintiff was thrown violently against the windshield and other portions of the interior of the said automobile of the defendant Bartle and was thrown therefrom to the ground, and thereby received great bodily injuries as follows:".

Appellant's position is that only one finding of negligence appears, namely, a failure to yield the right of way; that this is the finding of an ultimate fact; but that it depends upon a probative fact, which is the failure to see Selfrid's automobile because Bartle was then and there engaged in conversation with the plaintiff; that the essential part of this probative fact is that the parties were engaged in conversation; that there is no evidence that they were so engaged in conversation; and, therefore the evidence is not sufficient to support the finding.

The only evidence shown by the record as to such a conversation is the testimony of the defendant Bartle that about a half a block before he reached the intersection where the collision occurred, he said to the plaintiff "Why, this is Franklin Avenue," and the testimony of the plaintiff that she noticed he "had on five points of gas" before they came to Franklin, and "I think I spoke about it too". If it were necessary to decide whether the statement in the findings that Bartle was at the time engaged in conversation with the plaintiff is supported by the evidence, it might be a close question whether the evidence referred to, with the inferences that could legitimately be drawn therefrom and

under the presumption that exists in favor of the court's findings, is sufficient to support a finding to that effect. However, we think it is unnecessary to decide that question here. In *Snearly* v. *Hiestand*, 50 Cal. App. 393 [195 Pac. 273], the court said: "The finding of an ultimate fact cannot be overcome by a finding of probative facts unless it clearly appears that the finding of the ultimate fact is entirely based on probative facts which are destructive of the former, or where it appears that the trial court made the finding of the ultimate fact as a conclusion from the particular facts found." ,

The finding or conclusion that the appellant unlawfully failed to yield the right of way, if it can be said to depend upon any one fact, depends upon the fact that he failed to see Selfrid's automobile and not upon the fact that he was then engaged in conversation with the plaintiff. Not only is the statement that Bartle was at the time engaged in conversation mere surplusage but, under any view, it does no more than explain or give a reason for one of the findings. Even if the evidence fails to show that these parties were engaged in conversation at the time, that fact is not conclusive. While this reference to a conversation appears to have been interpolated by the trial judge into findings previously prepared, the opinion expressed by the court is not controlling in determining whether the findings are supported by the evidence. (*Goldner* v. *Spencer*, 163 Cal. 317 [125 Pac. 347].) ▮ Finding number III discloses at least five separate respects in which the appellant was guilty of negligence. So far as the insufficiency of the evidence is concerned, the appellant relies only upon the one point mentioned, and the other findings are in no manner attacked. Not only would it be presumed, in the absence of any showing to the contrary, that these other findings are sustained by the evidence, but a very casual examination of the evidence discloses that all of the findings as to ultimate facts, find support in the evidence.

▮ The finding that the appellant unlawfully failed to yield the right of way is alone sufficient to sustain the judgment, as this, if true, would constitute negligence *per se*. (*Wynne* v. *Wright*, 105 Cal. App. 17 [286 Pac. 1057].) At the time this collision occurred an automobile entering an intersection from the right, if traveling at a lawful rate

of speed, had the right of way (Stats. 1925, p. 412). There was evidence here that Selfrid was traveling less than twenty miles an hour just before he entered the intersection. There was also evidence that after the two cars collided, Selfrid's automobile stopped within three feet. This justified the inference that he slowed down after entering the intersection; and his car was approaching from the appellant's right.

There was also evidence that the appellant, as he entered the intersection, was going downhill at a high rate of speed. He testified that he looked in both directions and could see for at least a block to his right, and that he saw no car. At the same time, the evidence was such that the court not only could but was almost bound to draw the inference that the machine driven by Selfrid entered the intersection first. In spite of this, the evidence shows that appellant's car had proceeded past the middle of the intersection, and to a point directly in Selfrid's path, when the collision occurred. We think the findings of the trial court find sufficient support in the evidence.

The only other point raised by appellant is that the court erred in finding that the defendant Selfrid was not guilty of negligence. This is a matter of which the appellant may not complain. (*Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 Pac. 999]; *Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584]; *Goehring* v. *Rogers*, 67 Cal. App. 253 [227 Pac. 687].)

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.