[Civ. No. 1402. Fourth Appellate District.—December 11, 1933.]

M. A. BENNETTE LA MAR, Respondent, v. J. C. LA MAR, Appellant.

John A. Hadaller and Charles Bagg for Appellant.

Boyd C. Barrington for Respondent.

MARKS, J.—Plaintiff recovered a judgment quieting her title to property in the city of San Bernardino. In attacking this judgment the defendant assigns the following errors: (1) Error of the trial court in denying his motion for nonsuit. (2) Error in permitting, over objection, the cross-examination of defendant in a matter about which he had

not testified in his direct examination. (3) Error in permitting plaintiff to make out a new case by way of rebuttal. (4) That the judgment is contrary to law. (5) That a deed dated October 21, 1929, from defendant to plaintiff was void and does not support the judgment for the following reasons: (a) It was without consideration. (b) The contents were neither alleged nor proved. (c) It was obtained by duress, force and undue influence amounting to extortion. (d) It was obtained by the plaintiff wife from her husband while he was aged and very feeble and without his having independent advice.

It has long been the rule in California that any error of a trial court in denying a motion for nonsuit is cured, if, at the close of the trial, there is evidence before the court supplying the defects in the plaintiff's proofs. (9 Cal. Jur. 564; 2 Cal. Jur. 1025, and cases cited.) Under this rule the error, if any, in denying the motion for nonsuit was cured by evidence subsequently introduced.

The questions of order of proof and the extent of permissible cross-examination are entirely procedural and unless a miscarriage of justice has resulted in the judgment rendered such errors furnish no grounds for a reversal since the adoption of section 4½, article VI, of the Constitution.

The trial court is given a wide discretion in regulating the order of proof in the trial of cases. In the absence of a clear abuse of this discretion, and prejudice to the adverse party, the admission of evidence out of the regular order will furnish no ground for a reversal on appeal. (24 Cal. Jur. 764–766, and cases cited.) In the instant case the evidence finally before the trial court, while admitted out of order, was competent and supported the findings and judgment. Under such circumstances we should not reverse a judgment for the sole reason that evidence was admitted out of order in rebuttal without express leave of the court to the plaintiff to reopen her case.

The defendant in his direct examination did not testify concerning the execution of his deed to the plaintiff on October 21, 1929. The plaintiff attempted to cross-examine him on this subject. An objection that this was not proper cross-examination was overruled with the announcement by the trial judge that if he should later conclude that the evidence was not proper he would order it stricken

from the record. The plaintiff then announced that she called the defendant for cross-examination under the provisions of section 2055 of the Code of Civil Procedure. The defendant objected to this cross-examination upon the ground that the evidence should have been offered as a part of the plaintiff's case in chief. The court did not rule upon this objection, but permitted the examination to proceed. Of course, it would have been more orderly procedure for the plaintiff to have asked for, and the court to have granted, formal permission to reopen her case and to have received the evidence as a part of her case in chief. This was not done, but the action of the court in receiving the evidence out of order had the same effect, and as the evidence was competent and material and supports the findings and the judgment this highly technical objection of the defendant cannot furnish a ground for a reversal here.

In detailing the record we are only required to set out such portions of it as are most favorable to the plaintiff and which support the judgment, disregarding conflicts.

The plaintiff and the defendant married late in life. Plaintiff had owned the property in question for many years. She had occupied it as her home, and after marriage had shared it with her husband. She owned no other real estate. She had signed a promissory note as accommodation maker and was threatened with suit. Upon the solicitation of her husband, and upon his promise to reconvey the property to her, she deeded it to him upon his representation that he would protect her and she would not have to pay the debt. He gave her no consideration for the property, and he recorded the deed without her knowledge. Judgment was obtained against her on the note, which she subsequently paid. She then requested him to carry out his promise to reconvey the property to her. He made numerous promises to do so, but did not perform them until October 21, 1929, when he signed, acknowledged and delivered to her a deed to the property. She placed the deed in her desk at their home. He subsequently took it from the desk and destroyed it without her knowledge or consent.

Defendant urges that the deed from his wife to himself was executed for the purpose of defrauding her creditors; that she does not come into a court of equity with clean hands, but *in pari delicto* with her husband; that she cannot

be relieved from the results of her own fraudulent act in a court of equity.

It is not necessary under the facts of this case to consider the many interesting legal problems which these contentions present. The trial court found that the deed of October 21, 1929, from the husband to the wife, was made in consideration of his promise to reconvey the property to her and was a good and sufficient deed, properly executed in all respects, and that it transferred and vested title in the plaintiff. If this deed was a good and sufficient conveyance of the property to the plaintiff and vested title in her it is sufficient to support the judgment even though she be not permitted to attack her earlier deed to her husband.

Defendant urges that this deed is void for lack of consideration. The evidence supports the conclusion that he had discussed this reconveyance to his wife on numerous occasions and without exception expressed an intention to execute the deed; that it was prepared by a reputable attorney of San Bernardino; that the defendant read it over, signed and acknowledged it and delivered it to plaintiff freely and voluntarily. A consideration is not necessary to support a deed transferring real property, if it is executed by the grantor voluntarily, with knowledge of its contents, and with intent to convey title to the grantee (sec. 1040, Civ. Code), and can only be attacked by a person having a superior equity which the grantor had no right to cut off. (*Huntoon* v. *Southern Trust & Commerce Bank,* 107 Cal. App. 121 [290 Pac. 86]; *McDonnell* v. *McDonnell,* 10 Cal. App. 62 [101 Pac. 40]; *Lieman* v. *Golly,* 178 Cal. 544 [174 Pac. 33].)

Appellant urges that the contents of the deed of October 21, 1929, were not proved. By this he evidently means that there is no evidence showing that the property described in the deed was the same as that of the property in question here. It is true that the legal description of the property as set forth in the deed was not reproduced in evidence. Plaintiff did testify that she owned only one parcel of real estate, which was her home on D Street, in the city of San Bernardino, and which she had owned for many years. The original deed to her was introduced in evidence and contained a full legal description of the property. She also testified that she deeded this property to the defendant and

that he reconveyed it to her by the deed in question. We think this is sufficient indentification of the property to support the judgment.

An examination of the record shows that the evidence is conflicting on the questions presented by subdivisions "c" and "d" of defendant's last specification of error. There is material and competent evidence in the record supporting the findings, which are contrary to these contentions of defendant. We cannot reverse a judgment merely because of conflicts in the evidence.

There is ample evidence to support the findings and the judgment which is a just and equitable determination of the controversy between the parties. There being no miscarriage of justice we cannot reverse the judgment because of technical errors in rulings on objections to the admission of evidence and in the order of proof.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.