[Civ. No. 4230.   Fourth Dist.   Feb. 26, 1951.]

N. MAE SNYDER, Respondent, v. BENJAMIN SNYDER, Appellant.

Thomas P. Golden for Appellant.

Atherton & Atherton and Howard B. Turrentine for Respondent.

GRIFFIN, J.—Plaintiff and defendant were married in May, 1947. A short time before their marriage defendant purchased, in his own name, certain real property which is the subject of this action for partition. At the time of their marriage plaintiff had certain money (approximately $1,700) in her name in a bank. The parties separated in November, 1947, and became reconciled about January, 1948. During the period of separation, efforts were made on the part of both to effect a reconciliation. Apparently there had been some argument between them as to the manner in which

they held title to their respective property. For the purpose of resolving their marital difficulties and to effect a reconciliation, it was agreed by the parties that defendant would transfer the real property standing in his name to plaintiff and himself, as joint tenants, and that plaintiff would in turn transfer her bank account to the joint names of the parties. This was done. They became reconciled and lived together as husband and wife until about June 16, when they separated. During this five months' period, both parties wrote checks on the bank account. After the separation plaintiff filed an action for divorce and also this action in partition, which actions were consolidated for trial. Plaintiff was awarded a decree of divorce and at the same time the real property was ordered partitioned. It is from this judgment of partition that defendant appeals. Findings of fact and conclusions of law were waived. ▉ It is the rule that where findings of fact are waived it will be presumed on appeal that every fact essential to the support of the judgment was proved and found by the trial court. (*Bekins Van Lines, Inc.* v. *Johnson,* 21 Cal.2d 135 [130 P.2d 421].) Defendant admits this rule but argues that the evidence does not support the judgment. He now claims on appeal that since the lot was defendant's separate property, title to which was standing in his own name prior to the marriage, the law presumes it to be his separate property; that the evidence does not show a *gift* of it to the wife under section 1040 of the Civil Code; that all transactions between husband and wife by which one obtains an advantage over the other are presumed to be entered into by the latter without consideration, citing Civil Code, sections 158 and 2235, and *White* v. *Warren,* 120 Cal. 322 [49 P. 129, 52 P. 723]. In this connection it is also argued that the evidence conclusively shows that there was an implied promise on plaintiff's part to reconvey the property to defendant.

The evidence shows that prior to and after the marriage, both plaintiff and defendant were employed; that defendant bought the lot in question with his money; that the salary of plaintiff was placed in the bank account and that the parties lived on defendant's income; that after their marriage, but during the separation, certain buildings were moved onto the lot, and after the reconciliation some of the money from the joint bank account, as well as from plaintiff's salary, and money earned by defendant went into the cost of recon-

struction of the buildings on the lot. These buildings were never completely reconstructed.

Defendant testified he paid $3,000 for the lot and $1,700 for the buildings. He contracted several bills in partially reconstructing those buildings. A mechanic's lien was filed against the property. An action thereon against both husband and wife was consolidated for hearing with the other two actions herein mentioned. Judgment was rendered against them for $877.50, which was declared a lien on the property. It was ordered sold and the proceeds ordered divided equally between the husband and wife.

Under section 1040 of the Civil Code a voluntary transfer is an executed contract, subject to all the rules of law concerning contracts in general, except that a consideration is not necessary to its validity. ▇ Under the facts of the instant case consideration for the transfer was not necessary to its validity. Assuming for the purpose of argument that a consideration was necessary, there was sufficient evidence (though conflicting) showing a consideration for the transfer. (*Lieman* v. *Golly,* 178 Cal. 544 [174 P. 33].)

▇ The claim that a presumption of undue influence arose by reason of the marriage is untenable. The evidence, in addition to a showing of marriage relationship, must also show such unfairness of the transaction as will tend to establish that the wrongful spouse made use of the confidence reposed for the purpose of gaining an unreasonable advantage over the mate. (*Taylor* v. *Taylor,* 66 Cal.App.2d 390, 396 [152 P.2d 480]; *Faria* v. *Faria,* 100 Cal.App. 177 [280 P. 187].)

▇ The evidence here presented, though conflicting, does not show that any unreasonable advantage was taken over the other mate. Apparently, a great portion of plaintiff's funds were expended in behalf of the reconstruction work. She obtained the divorce on the grounds of extreme cruelty of defendant, and he cannot rightfully claim that plaintiff was alone to blame for the failure of the marital reconciliation.

▇ Lastly, the claim that there was an implied promise on plaintiff's part to reconvey the property to defendant is equally untenable. The evidence does not disclose that the transfer of the real property to plaintiff and defendant, as joint tenants, was conditioned upon their remaining husband and wife. Plaintiff's testimony is opposed to any claim of conditional transfer, and indicates that it was voluntary on the part of the defendant and that as a part of the consideration she opened a joint bank account with defendant and

that the monies therefrom were expended in the improvement of said property. The trial court was justified, under the facts of this case, in decreeing a partition of the property.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.