[Civ. No. 21539.   Second Dist., Div. Two.   July 27, 1956.]

ABE RICHMAN, Respondent, v. N. C. GREEN et al., Defendants; LOUIS FISHMAN, Appellant.

Peter M. Winkelman and Leland & Plattner for Appellant.

Joseph Schecter and George M. Dell for Respondent.

MOORE, P. J.—Appellant demands reversal of a judgment in favor of the plaintiff for $9,642 damages for personal injuries allegedly sustained in an elevator accident. Richman sued Green and appellant Fishman as the alleged owners of the building in which the elevator was maintained.

By his answer, Green denied the majority of plaintiff's allegations; admitted that he was the "record owner" of the building, but alleged that "said property is in truth and in fact owned by Louis Fishman." Appellant's answer declared that "N. C. Green is the record owner" and admitted that Fishman "*is an owner* of the Stimson Building." At the trial of the cause, it was proved that Green took title to the property without payment of any consideration; that only Fishman paid the consideration and deemed himself to be sole owner of the building; that Green took title as an accommodation to his father-in-law, Fishman, inasmuch as the latter lacked facility in reading and writing English; that Green was never physically present in the building; nor was he ever a participant in its actual administration, nor collected any income from the building; nor paid any expenses; and was indemnified by appellant against liability to third persons. The sum total of the proof was that Green held bare legal title. The controversy having been submitted, the court made findings and conclusions in favor of respondent but relieved Green of liability and entered judgment against Fishman and the other defendants.

On motion of Green's attorney, this court by its order dismissed Fishman's appeal as to Green on June 8, 1956, for the reason that Fishman had no standing to complain of the success of Green in defeating liability. (*Curran* v. *Heslop,* 115 Cal.App.2d 476, 483 [252 P.2d 378]; *Click* v. *Southern Pac. Co.,* 113 Cal.App. 528, 530 [298 P. 839]; 3 Cal.Jur.2d, Appeal and Error, § 111, p. 568.) As a consequence, appellant is reduced to the sole contention that Green, *rather than he,* is solely liable for the negligence which caused respondent's injuries.

Appellant did not elect to designate the trial court's decision for inclusion in the record although the judgment recites that the findings and conclusions were in fact filed. Thus, the record must stand as though findings had been waived by the litigants. Findings will be deemed to have been made in favor of respondent on every allegation of his pleadings necessary to support the judgment. (*Bekins Van Lines* v. *Johnson,* 21 Cal.2d 135, 137 [130 P.2d 421]; *Snyder* v. *Snyder,* 102 Cal.App.2d 489, 491 [227 P.2d 847]; *Childers* v. *Childers,* 74 Cal.App.2d 56, 59 [168 P.2d 218].) Therefore, the trial court impliedly found that Fishman was an "owner" of the building which housed the elevator and that he "maintained, operated and controlled". the elevator through his "agents, servants and employees . . . acting within the scope of their employment, agency and authority"; and because of "the fault and negligence of the defendants, and each of them, in the maintenance, operation and control of said elevator," the elevator fell while respondent was a passenger thereon resulting in severe injuries to respondent. No contention is made that the evidence does not support such findings. They are fully substantiated by the record.

Appellant relies upon *Johnston* v. *Long,* 30 Cal.2d 54 [181 P.2d 645], to relieve him of liability. (Note, 21 So.Cal.L. Rev. 199.) That case sets forth the rule that a trustee or executor bears personal responsibility under the doctrine of *respondeat superior* for torts committed by an employee in the course of administration of an active trust or estate. (Rest., Trusts, § 264, com. (b); cases collected, 3 (pt. 2) Bogert, Trusts and Trustees, 532; 2 Scott on Trusts, § 264; 43 Harv.L.Rev. 1122, 1124.) The decision suggests but does not hold that the liability of the trustee is the primary liability while that of the trust estate or of the beneficiaries is only to reimburse the trustee where he is free from fault. (*Johnston* v. *Long, supra,* p. 62.) Appellant seeks to bring him-

self within the operation of this rule by invoking the doctrine of resulting trust. In the words of the Civil Code, when a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made. (Civ. Code, § 853.) Inasmuch as appellant paid the consideration for the purchase of the building while Green took record title, the latter held title as trustee. Appellant contends that as trustee, Green stands primarily liable for the results of the negligent operation of the elevator in the administration of the trust. However, appellant has failed to consider that the Johnston decision and the cases upon which it relies deal with torts committed in the administration of an active trust where the trustee actually controls the administration of the trust property.

A resulting trust is one implied by law to carry out the intention of the parties. The trustee has no duties to perform, no trust to administer, and no purpose to carry out except the single one of holding or conveying according to the beneficiary's demand. (*Bainbridge* v. *Stoner*, 16 Cal.2d 423, 428 [106 P.2d 423].) In such a situation, where the beneficiary is the party who controls the operation and maintenance of the trust property, the beneficiary must accept the liability of a master for the torts of his servants committed in the scope and course of their employment. (Scott on Trusts, § 264, pp. 1489-1490; *City of Denver* v. *Solomon,* 2 Colo.App. 534 [31 P. 507, 510] ; *Brazowski* v. *Chicago Title & Trust Co.,* 280 Ill.App. 293; *Eisenbrey* v. *Pennsylvania Co.,* 141 Pa. 566 [21 A. 639].)

The judgment is affirmed.

Fox, J., and Ashburn, J., concurred.