Filed 5/28/26  Doe v. Newsom CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>GAVIN NEWSOM,<br><br>        Defendant and Respondent. | A174097<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC24619361) |

Jane Doe sued Gavin Newsom, Balboa Café Partners, and other defendants, alleging various Labor Code violations that occurred while she worked at Balboa Café (café).  (Undesignated statutory references are to this code.)  The trial court sustained Newsom's demurrer without leave to amend.  Doe appeals, and we affirm.

### BACKGROUND[1]

In October 2024, Doe filed a complaint alleging Newsom was liable for his codefendants' wage and break violations.  She worked at the café from August 2021 until March 2023, when she was terminated.  The café is part of PlumpJack, a parent company owned by the Newsom family (company).  It is

---

[1] Because this appeal follows a demurrer, the following facts are taken from the operative complaint and the documents of which the trial court took judicial notice.  (Evid. Code, § 459, subd. (a); *Doe v. Google, Inc.* (2020) 54 Cal.App.5th 948, 952.)  Although the complaint asserts 26 causes of action, we limit our discussion to those asserted against Newsom.

undisputed that Newsom transferred his interest in the company to a blind trust in January 2019.  Doe alleged that, during her employment, "the nature of the work" "prevented her from taking" rest breaks, and the company intentionally scheduled workdays without rest breaks.  She also "regularly worked more than ten . . . hours without a second meal period" and did not receive her earned wages after the company terminated her.  She alleged that Newsom implemented the violative policies, had oversight over the company's operations at the time the policies became operative, and influenced them.

In January 2025, Newsom and the other defendants demurred.  As relevant here, Newsom argued the claims against him were time-barred because Doe filed her complaint in October 2024 — more than four years after he had any involvement or participation in the company.  (Code Civ. Proc., §§ 335, 338.)  In opposition, she argued her allegations that he established the policies that created the violations made him liable under section 558.1.

The trial court sustained Newsom's demurrer without leave to amend. It concluded that Doe's claims were time-barred because he relinquished control of the company in 2019.  Any alleged violative conduct could have only occurred before then.

## DISCUSSION

Doe contends the trial court erroneously sustained Newsom's demurrer without leave to amend.  "When reviewing a ruling on a demurrer, we examine de novo whether the complaint alleges facts sufficient to state a cause of action." (*Liapes v. Facebook, Inc.* (2023) 95 Cal.App.5th 910, 919.) " 'We assume the truth of the properly pleaded factual allegations, [and] facts that reasonably can be inferred from those expressly pleaded.' " (*Ibid.*)  "But we do not assume the truth of 'contentions, deductions, or conclusion of law.' "

(*Ibid.*)  "We liberally construe the complaint 'with a view to substantial justice between the parties,' drawing 'all reasonable inferences in favor of the asserted claims.' "  (*Ibid.*)  "We may also consider matters that have been judicially noticed."  (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)  To succeed, the "plaintiff must demonstrate the court erroneously sustained the demurrer and 'must show the complaint alleges facts sufficient to establish every element of each cause of action.' "  (*Liapes*, at p. 919.)  The statute of limitations may be raised by demurrer if the defect " ' "clearly and affirmatively appear[s] on the face of the complaint." ' "  (*Committee for Green Foothills*, at p. 42.)  We also "determine 'whether the trial court abused its discretion by sustaining the demurrer without leave to amend.' "  (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 292.)  The "burden falls upon the plaintiff to show what facts he or she could plead to cure the existing defects in the complaint." (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 792.)

At the outset, Doe argues the trial court erred because section 558.1 imposes liability on owners "such as Newsom."  Specifically, she argues he is liable because he "created, promulgated, adopted, and ratified" the policies producing the violations, and he continues to financially benefit from them and the company.  We disagree.

Under section 558.1, any " 'employer or other person acting on behalf of an employer, who violates, or causes to be violated . . . Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.' "  (*Voris v. Lampert* (2019) 7 Cal.5th 1141, 1161, italics omitted.) A " ' "person acting on behalf of an employer" ' " includes " 'a natural person who is an owner.' "  (*Usher v. White* (2021) 64 Cal.App.5th 883, 894.)

3

An action for liability created by statute must be brought within three years. (Code Civ. Proc., §§ 335, 338; *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1099.)

The trial court properly sustained the demurrer. (Code Civ. Proc., §§ 335, 338; *Committee for Green Foothills v. Santa Clara County Bd. of Supervisors*, *supra*, 48 Cal.4th at p. 42.) Doe did not plead that Newsom caused the Labor Code violations. Rather, she pled he "implement[ed] and/or approv[ed] the implementation of the illegal policies" that caused the violations, had oversight over operations at the time the policies were implemented, and influenced the policies. Even assuming so, he could have done so only up until 2019, when he relinquished control of the company. (Cal. Code Regs., tit. 2, § 18235(b)(2) [trustee has "complete discretion to manage [a blind] trust"].) Thus, Doe's claims against Newsom are barred by the limitations period. (Code Civ. Proc., §§ 335, 338.) And contrary to her claims, continued financial benefit alone is insufficient for liability under section 558.1. (*Usher v. White*, *supra*, 64 Cal.App.5th at pp. 896–897 [owner liable when "personally involved" or "had sufficient participation" in the violation].)

Doe's remaining arguments also fail to persuade. She relies on *Espinoza v. Hepta Run, Inc.* (2022) 74 Cal.App.5th at page 44, but that case did not concern the limitations period. (*Id.* at p. 49.) She also argues that the "principles" of trust law "confirm" that Newsom remains liable because he controls and profits from the blind trust. But the cases she relies on confirm that liability follows control, not mere benefit. (*Johnston v. Long* (1947) 30 Cal.2d 54, 62–63; *Richman v. Green* (1956) 143 Cal.App.2d 470, 473.) Here, Doe did not plead Newsom retained control while the alleged violations occurred. Although she contends to the contrary, she provides no record

4

citations showing her complaint contained such allegations. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 [we may disregard factual contentions not supported by record citations].)

Finally, Doe argues the trial court abused its discretion by denying her leave to amend. We disagree. She claims she "identified specific amendments" concerning "communications evidencing ongoing policy influence, and the continued enforcement of the unlawful policies during 2021–2023," but she provides no record citations to support her assertions. (*Tanguilig v. Valdez, supra*, 36 Cal.App.5th at p. 520.) Nor does she identify specific amendments on appeal. (*McClain v. Octagon Plaza, LLC, supra*, 159 Cal.App.4th at p. 792 [plaintiff must enumerate facts showing she can cure defects]; *Liapes v. Facebook, Inc., supra*, 95 Cal.App.5th at p. 919 [we do not accept contentions, deductions, or conclusions of law].) She has not met her burden. (*McClain*, at p. 792.)

## DISPOSITION

The judgment is affirmed.[2] Newsom shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

---

[2] Doe also briefly asserts the trial court erred by granting a motion to strike, but her failure to provide any facts or legal analysis supporting the claim forfeits it. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A174097; *Doe v. Newsom*

6