GLADYS A. HERTER, by JOHN HERTER, Her Guardian ad Litem, Appellant, *v.* JOSEPH KRZEWINSKI, SR., and Another, Respondents.

Fourth Department, June 30, 1931.

*Larkin & Gualtieri*, for the appellant.

*Francis J. Lawler*, for the respondents.

THOMPSON, J. Plaintiff has a judgment setting aside a convey-ance by her judgment debtor to his wife of a one-half interest in a 215-acre farm and a bill of sale of a one-half interest in the personal property on the farm. She appeals from so much of the judgment as permits defendant Mary Krzewinski to retain an undivided one-half interest in the farm and the personalty thereon. On and prior to October 17, 1929, the legal title to the farm and the personal property was in the defendant Joseph Krzewinski. On that day an automobile owned by him, and operated by his son Joseph, struck and injured the plaintiff. On November 7, 1929, the defend-ant Joseph Krzewinski conveyed the farm in question, and another farm, to his wife, the defendant Mary Krzewinski, and the same day executed a bill of sale of all the personal property on the farms to her. Thereafter plaintiff commenced an action to recover damages for personal injuries against the defendant Joseph Krzewinski and his son, and on May 1, 1930, after a trial of the action, judgment was entered in her favor and against both the defendants for $14,126.45 damages and costs. Execution was at once issued, and shortly afterwards returned unsatisfied. There-upon defendants were examined before a referee in supplementary proceedings. Plaintiff brought this action to set aside the con-veyance and transfer as made with intent to hinder, delay and defraud her. At the trial plaintiff put in evidence defendants' testimony in the supplementary proceedings to the effect that when they came to Oneida county from Pennsylvania in 1918 defendant Joseph had no money while defendant Mary had $3,200, which she had accumulated from her earnings in keeping boarders and picking out coal in a coal mine. Joseph testified that she had brought $1,000 of the money with her from Poland. Mary did not mention this. The 215-acre farm was conveyed to defendant Joseph Krzewinski, Sr., and his brother, Tony Krzewinski, on September 23, 1918, as tenants in common. Both defendants testified that Mary paid $1,500, being one-half the purchase price

of the property over and above the mortgages on it; that she was intended to be the owner of an undivided one-half interest in the farm at that time, but that for purposes of convenience, and because she was unable to read, write or understand English, the title to her divided one-half interest was taken in her husband's name in trust for her, and that the balance of the $3,200 was used and expended in the purchase of stock, tools and equipment for the farm in the same manner. On May 3, 1920, Tony Krzewinski deeded his interest in the farm to defendant Joseph Krzewinski, Sr. It appeared that defendant's wife's knowledge of the English language had not improved at the time of these transfers to her. Defendants contended that in view of the advanced years and ill health of the husband; that the wife was doing most of the work on the farm; that her money was in it and that she had nothing to show for it, they decided that she would be better protected by changing the legal title to her.

The law looks carefully at transactions between husband and wife in cases where rights of creditors are present. These transfers were made without a present consideration and are defended solely upon the ground that the properties were held in trust for the wife in pursuance of an arrangement made at the time the husband took the deed. The fact of the accident, which occurred so near the date of the transfer, and the denial by each defendant that they thought of or discussed it in connection with the transaction, and other circumstances, raise a serious doubt of the good faith of these parties. In our opinion the finding of the Special Term that the purchase price of the interest in the farm deeded to the husband and the personal property on it were furnished by the wife is contrary to the evidence.

" Courts scrutinize with the utmost care business transactions between husband and wife alleged to be fraudulent as against creditors, because fraud is so easily practiced and concealed under cover of the marriage relation." (*White* v. *Benjamin*, 150 N. Y. 258, 265.)

The record makes it apparent that the sole purpose for the making of the deed and bill of sale which this action was brought to set aside was to prevent plaintiff collecting damages for the injury she sustained in the accident. The trial court so found in respect to part of the conveyances and transfers. The reasons in support of its finding in this respect apply with equal force to the whole transaction.

The only inference that can be drawn from the proofs is that defendants effected the deed and bill of sale, under attack here, with a definite design to defraud plaintiff on her judgment, and

that they were without consideration, and consequently fraudulent.

The judgment should be reversed, with costs to appellant. Certain findings of fact are reversed and new findings made and certain conclusions of law are disapproved and new conclusions reached.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment so far as appealed from reversed on the facts, with costs, and judgment directed for the plaintiff as to the matters involved in the appeal. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.