ROBERT F. WARD, Respondent, *v.* IROQUOIS GAS COR-
PORATION, Appellant, and INTERNATIONAL RAILWAY
COMPANY, Respondent.

(Argued November 25, 1931; decided January 5, 1932.)

*Thomas B. Wheeler* for appellant. The plaintiff failed to establish any negligence upon the part of the defendant-appellant. (*Hammerschmidt* v. *Municipal Gas Co.*, 114 App. Div. 290; *Mowers* v. *Municipal Gas Co.*, 142 App. Div. 169; *Hutchinson* v. *Boston Gas Light Co.*, 122 Mass. 219; *Pernick* v. *Central Union Gas Co.*, 183 App. Div. 543; 228 N. Y. 594; *Greenberger* v. *Standard Gas Light Co.*, 188 N. Y. Supp. 518; *Reid* v. *Westchester Lighting Co.*, 236 N. Y. 322.) The Appellate Division erred in reversing the judgment of the trial court as against the defendant-respondent. It thus took away from the defendant-appellant its right to claim contribution and such error is reviewable in the Court of Appeals. (*Haines* v. *Bero Engineering Corp.*, 230 App. Div. 332; *Fox* v. *Western New York Motor Lines, Inc.*, 232 App. Div. 308; *Dee* v. *Spencer*, 251 N. Y. Supp. 311; *Deuscher* v. *Cammerano*, 256 N. Y. 328.)

*Hamilton Ward* for plaintiff-respondent. The verdict was fully justified by the evidence as to the negligence of the defendant-appellant. (*Sweet* v. *Perkins*, 196 N. Y. 482; *Griffen* v. *Manice*, 166 N. Y. 188; *Peck* v. *N. Y. C. R. R. Co.*, 165 N. Y. 347; *Robinson* v. *Consolidated Gas Co.*, 194 N. Y. 37; *Fish* v. *Waverly Elec. Lt. Co.*, 189 N. Y. 343; *Scioloro* v. *Asch*, 198 N. Y. 82; *Fullerton* v. *Glens Falls Gas Co.*, 157 App. Div. 194; *Duer* v. *Consolidated Gas Co.*, 86 App. Div. 14; *Plumb* v. *Richmond L. & R. R. Co.*, 233 N. Y. 285; *Rosebrock* v. *General Electric Co.*, 236 N. Y. 227; *Sider* v. *General Electric Co.*, 203 App. Div. 443; 238 N. Y. 64; *Shamrock* v. *Niagara Falls Power Co.*, 236 N. Y. 599; *Keston* v. *Einhorn & Singer Development Co.*, 232 App. Div. 144.) The right of the plaintiff to collect his judgment from the defendant-appellant, based upon the verdict of a jury and an affirmance by the Appellate Division, should not be delayed or imperiled by any dispute between the defendants relative to contribution. (*Price* v. *Ryan*, 255 N. Y. 16; Civ. Prac.

Act, § 193, subd. 4; *Terpeck* v. *Sweet*, 231 App. Div. 353; *Glazier* v. *Heutte*, 232 App. Div. 119; 256 N. Y. 686; *Deuscher* v. *Cammerano*, 256 N. Y. 328; *Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.)

*Noel S. Symons* and *Raymond C. Vaughan* for defendant-respondent. The appeal should be dismissed as against the defendant-respondent. (*Green* v. *Waite*, 33 Hun, 191; *Bates* v. *Rosekrans*, 37 N. Y. 409; *De Graaf* v. *Wyckoff*, 118 N. Y. 1; *People ex rel. McDonald* v. *Clausen*, 50 App. Div. 286; *McVey* v. *Security Mut. Life Ins. Co.*, 118 App. Div. 466; *Page* v. *St. Lawrence Condensed Milk Corp.*, 213 App. Div. 336; *Whalen* v. *Strong*, 230 App. Div. 617; *Ostrander* v. *Hart*, 130 N. Y. 406; *Savage* v. *City of Buffalo*, 49 App. Div. 577; *Farrell* v. *Malcolm*, 135 Misc. Rep. 101; *Balch* v. *City of Utica*, 42 App. Div. 562; *New Netherland Bank* v. *Boucheron Co.*, 122 Misc. Rep. 690; *Edwards* v. *Woodruff*, 90 N. Y. 396; *Eysaman* v. *Nelson*, 140 N. Y. Supp. 183; *Price* v. *Ryan*, 255 N. Y. 16; *Deuscher* v. *Cammerano*, 256 N. Y. 328.)

HUBBS, J. An explosion occurred in a manhole with such force that it threw the heavy iron cover into the air several feet. In falling it struck the plaintiff and grievously injured him. This action against the defendants jointly is to recover damages suffered as a result of such injury, upon the theory that the explosion occurred through their joint negligence. At the trial the plaintiff recovered a verdict against both defendants.

The Appellate Division affirmed the judgment against the gas company, and reversed the judgment against the railway company and granted a new trial as to it. The plaintiff did not appeal but the gas company appealed to this court from the judgment of affirmance against it. It served a notice of appeal upon the plaintiff and also upon its co-defendant, the railway company. The evidence presented upon the trial created a clear question of

fact as to the negligence of the gas company. The record does not disclose any error committed upon the trial which affected the verdict or requires a reversal as to the gas company. We would be content to affirm the judgment against that company without opinion were it not for an important question of practice involved.

The railway company moved to dismiss the appeal of its co-defendant against it upon the ground that the appellant was not a party aggrieved by the judgment of the Appellate Division in favor of the railway company within the meaning of section 557 of the Civil Practice Act.

It is earnestly contended by the learned counsel for the appellant that section 211-a of the Civil Practice Act has given a co-defendant in an action therein described a new property right where a joint judgment has been recovered, and that, in case such a judgment is reversed by an intermediate court as to one or more joint defendants, the defendant or defendants as to whom it is affirmed are parties aggrieved and entitled to appeal as against the defendants who have succeeded in securing a reversal of the judgment as to them. Section 211-a reads in part: " Action by one joint tort feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment."

Prior to the enactment of that section, it was the settled law of this State that one of two joint tort feasors, against whom a judgment had been recovered for a tort, could not upon paying the judgment maintain an action eithe. in law or equity against the other tort feasor for con-

tribution. (*Peck* v. *Ellis*, 2 Johns. Ch. 131; *Gilbert* v. *Finch*, 173 N. Y. 455, 462.)

The harsh and often unjust and inequitable rule of the common law was subject to criticism and attempts were made by some courts to ameliorate its strictness by permitting an action for contribution in certain cases where the moving party was free from intent to commit a wrong. (1 Cooley on Torts [3d ed.], 258.)

Section 211-a was enacted to change the common-law rule and permit contribution where a money judgment has been recovered jointly against two or more joint tort feasors, and paid " in part or in full " by one or more defendants. We said in the case of *Price* v. *Ryan* (255 N. Y. 16, 18): " The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly con-' fines the remedy to cases where a money judgment has proceeded against both." Not only must there be a " money judgment " but there must also be payment " in part or in full " of such a judgment " by one or more of such defendants " before the right to contribution arises. Such is the clear wording of the section. It is a principle of the common law that no right to contribution accrues until one party has discharged more than his proportion of the common obligation. (5 Pomeroy's Eq. Juris, [2d ed.] § 2340; 1 Williston on Contracts, § 345; *Aspinwall* v. *Sacchi*, 57 N. Y. 331–337.) The statement in the *per curiam* opinion in *Price* v. *Ryan* that there must be a money judgment before the right to contribution arises, did not state and was not intended to infer that there need not also be payment before such right arises. That decision dealt only with the facts in that case. The question of payment was not involved.

In enacting section 211-a, the Legislature intended only to change the rule of the common law that contribution could not be enforced between joint tort feasors. It did not intend to change the law governing the right to appeal.

If it should be decided that the section had the effect of permitting one defendant to appeal from a reversal and the granting of a new trial to another defendant, the result would be to give the plaintiff the benefit of an appeal from the judgment of reversal and the granting of a new trial, without the giving of a stipulation for a judgment absolute as required by section 588, subdivision 2, of the Civil Practice Act; it would also postpone during the pendency of the appeal the right of the plaintiff to proceed with a new trial and recover another judgment. It cannot be presumed that the Legislature intended to make such radical changes. The right to bring in new parties as defendants under section 193, subdivision 2, of the Civil Practice Act (*Fox* v. *Western N. Y. Motor Lines, Inc.*, 257 N. Y. 305), the right of a joint defendant under the practice outlined in *Bopp* v. *New York Electric Vehicle Transportation Co.* (177 N. Y. 33) and the right of a plaintiff to consent to a nonsuit as to one or more joint defendants (*Dee* v. *Spencer*, 251 N. Y. Supp. 331) is not affected by section 211-a.

Courts must take the act as they find it and construe it according to the plain meaning of the language employed. If the section is to be given a wider effect, it must be by an act of the Legislature.

On the appeal by the defendant Iroquois Gas Corporation from the order granting a new trial as to its co-defendant International Railway Company, the appeal should be dismissed.

On the appeal by the defendant Iroquois Gas Corporation from the judgment in favor of the plaintiff, the judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., dissents from the affirmance of the judgment against the Iroquois Gas Corporation.

Judgment accordingly.