MARTHA EPSTEIN et al., Respondents, *v.* NATIONAL TRANSPORTATION CO., INC., Appellant, and DIXIE CAB CORPORATION et al., Respondents, Impleaded with Another.

Argued January 7, 1942; decided March 5, 1942.

*Phillip Hoffer* and *James A. Doherty* for appellant. The Appellate Division erred in holding that as a matter of law it had no power to grant the defendant transportation company an opportunity to be heard in support of the judgment on appeal in that court. (*Jones* v. *Freeman, Inc.,* 249 App. Div. 710; *Neenan* v. *Woodside Astoria Transp. Co.,* 261 N. Y. 159; *Reed* v. *Farrand,* 198 N. Y. 207; *Jackson* v. *Citizens Casualty Co.,* 277 N. Y. 385.)

*Arthur N. Seiff* and *Louis L. Resnick* for defendants-respondents. The order appealed from properly denied the transportation company's motion to be substituted as respondent in the place of plaintiffs. (*Delaney* v. *Philhern Realty Holding Corp.,* 280 N. Y. 461; *Croveno* v. *Atlantic Ave. R. R. Co.,* 150 N. Y. 225; *Johnson* v. *International Harvester Co.,* 236 App. Div. 618; *Stull* v. *Then,* 247 App. Div. 85; *Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124; *Kaplan* v. *Herman,* 258 N. Y. 573; *Fox* v. *Western New York Motor Lines, Inc.,* 257 N. Y. 305; *Brown* v. *McCullough,* 240 App. Div. 381; 265 N. Y. 652.)

LEWIS, J. At common law contribution between joint tort feasors was not enforceable by action either in law or in equity. Recognizing the harshness of that rule, the Legislature enacted section 211-a of the Civil Practice Act (L. 1928, ch. 714), which permits contribution where a money judgment has been recovered jointly against two or more joint tort feasors and has been paid by one, either in part or in full. (*Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124, 127, 128.)

The statute provides:

" § 211-a. Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payments; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his *pro rata* share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice."

The theory of the new statute has been said to be " * * * to give to the paying defendant the plaintiff's right of execution against the other defendant, up to and no further than his aliquot share of the judgment. The paying defendant thus recovers on the theory of subrogation and partially enforces a right always existing in the plaintiff." (*Neenan* v. *Woodside Astoria Transp. Co.*, 261 N. Y. 159, 165.) As to the practical operation of section 211-a this court has said: " The conditions stated in this section must exist before the right to contribution is given. The two or more defendants must be parties to the action at the suit of the plaintiff and a money judgment must have been recovered jointly against them. Under such circumstances the payment of the entire amount of the judgment by one of the judgment debtors gives him the right to collect the *pro rata* share from the other defendant or defendants." (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305, 308.)

The rule thus made effective by the enactment of section 211-a is to be put to use in the present case. Here the problem involves its application in circumstances where, after a trial has been had resulting in a judgment against

three defendants held to have been joint tort feasors, one of the defendants which has not appealed but has paid the judgment in full, seeks contribution against a defendant which has appealed.

Briefly; as to the facts: the plaintiffs sustained personal injuries when a taxicab owned by the defendant Dixie Cab Corp. and operated by the defendant Feingold collided with a cab of the defendant National Transportation Co., Inc.—to which I shall refer as " National." In the present action plaintiffs have been awarded a judgment against all three defendants in the sum of $8,205.35. The defendant National did not appeal but has paid in full the judgment which has been satisfied of record. Thereafter, pursuant to section 211-a, National was awarded judgment by default against the defendant Dixie Cab Corp. in the sum of $4,102.68, and execution thereupon has been returned unsatisfied. Meantime, however, the defendant Dixie Cab Corp. appealed to the Appellate Division from the judgment in favor of the plaintiffs. Upon that appeal the defendant National applied at the Appellate Division for an order directing that, upon the appeal taken by its joint tort feasor Dixie Cab Corp., the defendant National shall be named and treated as a respondent and that, in connection with such appeal, all papers be served upon the attorney for the defendant National as a respondent. The Appellate Division denied such application but granted to National permission to appeal to this court upon three certified questions.

The right accorded by section 211-a to National, a non-appealing defendant, did not come into being until that defendant had paid " more than [its] own *pro rata* share " of the money judgment entered against the three defendants. When execution upon that judgment issued and was returned unsatisfied, the relation of National to the rights of the plaintiffs was in the nature of subrogation. In that relation National could enforce against the defendant Dixie Cab Corp. the rights which formerly existed in the plaintiffs as judgment creditors but only to the extent allowed by section 211-a. It may be true that upon appeal, in the protection of the rights which National acquired by full

compliance with section 211-a, the position of National as respondent will be inconsisten: with the position it took upon the trial when the question of its liability in tort was an issue. That difference, however, in so far as it creates inconsistencies, is of no significance in view of the payment made in full by National of the judgment against the three defendants. National no longer asserts non-liability. In effect it admits liability, as it has the clear right to do under the statute. There will be, therefore, in the position National may take, no inconsistency which will defeat its right to be named and treated as a respondent on appeal. It may take such position as respondent as will serve best to protect its right as a judgment creditor of Dixie Cab Corp., and thus exercise a right given by section 211-a. which the courts may not take away. (See *Jones* v. *Freeman, Inc.*, 249 App. Div. 710.)

In *Ward* v. *Iroquois Gas Corp.* (258 N. Y. 124) and *Price* v. *Ryan* (255 N. Y. 16) a defendant was not permitted to appeal against his codefendant because there was neither a joint judgment nor payment of a joint judgment. In the present case, where the defendant National has paid in full the judgment rendered against the three joint tort feasors and thus has a present right of contribution against its codefendant, it should be allowed to protect that statutory right.

The order should be reversed and the motion granted, with costs in this court and in the Appellate Division. We interpret the questions certified by the Appellate Division as raising only the question of its power to make the order here on appeal and we answer each question in the affirmative.

RIPPEY, J. (dissenting). Plaintiffs procured a judgment in a negligence action after a trial against three defendants, National Transportation Co., Inc., Dixie Cab Corporation and Samuel Feingold, as joint tort feasors. Defendant National Transportation Company, Inc., did not appeal and paid the judgment in full. It thereupon moved at Special Term for an order, pursuant to the provisions of section 211-a of the Civil Practice Act, for judgment for

*pro rata* contribution against the Dixie Cab Corporation, which motion was granted. In the meantime, defendant Dixie Cab Corporation appealed to the Appellate Division from the original judgment in favor of plaintiffs against the joint tort feasors but did not serve the notice of appeal on the National Transportation Co., Inc. Thereupon, the National Transportation Co., Inc., moved for an order substituting it in place of plaintiffs on the appeal. The motion was denied by the Appellate Division, not as a matter of discretion but upon the law, and that court allowed an appeal to this court, certifying certain questions for our determination. The decision below was correct.

Section 211-a changed the common law rule as to contribution between joint tort feasors and had no purpose to change or affect the law governing the right to appeal (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124). The right to appeal is purely statutory (*Croveno* v. *Atlantic Ave. R. R. Co.*, 150 N. Y. 225, 228). The appellant here had the right to appeal from the judgment in favor of plaintiffs (Civil Practice Act, § 557), but it did not do so. Asserting that it now is a party aggrieved since it has paid plaintiffs' judgment and has the right to *pro rata* contribution from its co-tort-feasor of part of the amount paid, it seeks to be substituted as respondent in place of the plaintiffs in the original action upon the appeal. Section 557 of the Civil Practice Act, which it invokes in favor of its motion, has no application to the situation here presented. It has not, within the intent or wording of subdivision 2 of that section, " acquired since the  *  *  *  rendering of the judgment appealed from an interest which would have entitled him to be so substituted if it had been previously acquired." The interest of a person injured in his right to recover against the wrongdoer is not, under the common law, assignable. Neither section 211-a nor any other statutory provision has changed that rule of law. Section 211-a confers a right to and creates an interest in a party against his joint tort feasor in the subject matter of the action only after judgment against both joint tort feasors in favor of the party who has sustained his injuries as the result of their joint

or concurring negligence and confers upon it no right to participate in an appeal as against its joint tort feasor (*Ward* v. *Iroquois Gas Corp., supra*).

A prop for reversal is found in a statement obiter in *Neenan* v. *Woodside Astoria Transp. Co.* (261 N. Y. 159, 165) that " The paying defendant thus recovers on the theory of subrogation and partially enforces a right always existing in the plaintiff." Subrogation is a doctrine purely of equity whereby there arises " the substitution in place of the creditor of one, usually a surety, who under the compulsion of necessity, or for the protection of his own interests, has discharged a debt for which as between himself and another, the latter is primarily liable " (*Mansfield* v. *Mayor*, 165 N. Y. 208, 214. See, also, Black's Law Dictionary, Subrogation, pp. 1169, 1170, with authorities and cases cited.) Subrogation cannot exist between joint tort feasors. Each is liable to plaintiffs for payment of the whole judgment. There is no primary obligation to pay the judgment as between the two. Appellant was a wrongdoer and it has been so adjudged. Furthermore, under the common law, payment of the judgment by one of two joint tort feasors discharged the debt as to all (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628). Prior to the enactment of section 211-a of the Civil Practice Act, one joint tort feasor, after paying the judgment, could not maintain an action either at law or in equity against the other tort feasor for contribution (*Ward* v. *Iroquois Gas Corp., supra*, pp. 127, 128). That rule of the common law was changed by section 211-a by which contribution might be compelled by one of two specific remedies which are adequate and exclusive and subrogation is not one of them. There can be no subrogation in equity where there is an adequate remedy at law (37 Cyc. p. 373 and cases cited).

The order appealed from should be affirmed, with costs, and the questions certified answered in the negative.

LEHMAN, Ch. J., FINCH and DESMOND, JJ., concur with LEWIS, J.; RIPPEY, J., dissents in opinion in which LOUGHRAN and CONWAY, JJ., concur.

Order reversed, etc.