RALPH SALVATORE, Plaintiff, v. CITY OF NEW YORK et al., Defendants.

City Court of the City of New York, Special Term, Kings County, April 25, 1945.

*Ignatius M. Wilkinson*, Corporation Counsel (*Daniel A. Riordan* of counsel), for City of New York, defendant.

*William F. Keefe* for plaintiff.

*James A. Doherty* for National Transportation Co., Inc., defendant.

JOYCE, J. This is a motion by defendant City of New York for an order pursuant to section 211-a of the Civil Practice Act,

permitting it to enter a judgment in the sum of $1,054.80, against the National Transportation Co., Inc., a codefendant, and that the City be granted execution therefor.

It seems that plaintiff recovered a verdict, in our court after trial held on December 12, 1944, against both defendants in the sum of $2,000. A judgment founded upon said verdict was entered for the amount of $2,094, on January 22, 1945. On or about March 21, 1945, the City paid the judgment in full.

The National took no part in the satisfaction of the plaintiff's judgment, but on the contrary has filed an appeal on same and served notice of said procedure upon the City.

The City bases its right to the relief it asks on the case of *Epstein* v. *National Transportation Co.* (287 N. Y. 456), and that unless it is granted this judgment it will be deprived of a right to intervene in an appellate court. As I read that opinion it gave no such right. To my mind it simply held — and this by a divided court — that inasmuch as a defendant *had* obtained a judgment for contribution against a codefendant, and same was returned unsatisfied it was entitled as an interested party on appeal to be substituted as a respondent, as its interest appears, in place of the plaintiffs who had already been paid in full. The case was decided on the facts as they existed. The question as to whether or not the judgment for contribution was proper while an appeal was pending was not touched upon.

This sends us back to section 211-a* and the reading of its contents. To read any state of facts into its wording, other than a final determination of the rights of the parties, would be a mere interpolation, and an active imagination could conceive many injustices that might result if an appellate court did not affirm the original judgment.

If the Legislature intended to give this right to a defendant against a codefendant pending an appeal, which the latter had an absolute right to take, it should have stated so in the section.

---

* This section provides: " Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such·defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice." — [Rep.

The Court of Appeals in *Ward* v. *Iroquois Gas Corp.* (258 N. Y. 124, 129) states: " Courts must take the act as they find it and construe it according to the plain meaning of the language employed. If the section is to be given a wider effect, it must be by an act of the Legislature."

This very question comes up quite frequently in our courts. Inasmuch as I can find no determination on same by an appellate court, and none has been cited to me on this motion, I might suggest to the parties, same be taken to the Appellate Term on my decision which is:

Motion denied, without prejudice to a renewal should the original judgment be affirmed as against both defendants. If the words " without prejudice " might interfere with a right of the City to appeal, in that event the motion is to be considered denied.

