Mary C. Hughes, Appellant, v. Cecil L. Parkhurst, Appellant, and City of Rome, Respondent.

Priscilla Skinner, Appellant, v. Cecil L. Parkhurst, Appellant, and City of Rome, Respondent.

Mary V. Skinner, an Infant, by Priscilla Skinner, Her Guardian ad Litem, Appellant, v. Cecil L. Parkhurst, Appellant, and City of Rome, Respondent.

Fourth Department, November 10, 1954.

*Edward A. Wolff* for Mary C. Hughes and others, appellants.

*William J. Powers, Jr.,* for Cecil L. Parkhurst, appellant.

*J. Stuart Fero* and *James M. O'Hara* for respondent.

*Per Curiam.* A review of the record satisfies us that the action of the trial court in setting aside the verdicts in favor of the plaintiffs and ordering a new trial as to the City of Rome should be sustained. Even assuming that there was sufficient evidence on which the jury could base a finding that the city was negligent, we think that the finding of the jury, implicit in its verdict, that such negligence was a proximate cause of the accident is against the weight of evidence. We are unable,

however, to sustain that part of the order by which the verdicts of no cause for action in favor of the defendant Parkhurst were set aside. The aggrieved parties, the plaintiffs, made no motion for that relief, pursuant to section 549 of the Civil Practice Act. The motion on which the court acted was the motion of the codefendant and joint tort-feasor, City of Rome. The city was not an aggrieved party and therefore was without authority to make the motion. The case of *Schmidt* v. *Brown* (80 Hun 183) is not in point. We are not here concerned with an order made on the court's own motion and it is unnecessary to pass upon the rule laid down in the *Schmidt* case. Section 211-a of the Civil Practice Act merely changed the common-law rule that contribution could not be enforced between joint tort-feasors and did not change the law as to who are aggrieved parties. (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124.) In the present case there was no issue between the codefendants. The only parties who were aggrieved by the no cause verdict were the plaintiffs and they were the only parties who could ask to have the verdicts set aside. (See *Kaplan* v. *Shapiro*, 53 Misc. 606; *Wood* v. *Belden*, 54 N. Y. 658, and *Brizse* v. *Lisman*, 231 N. Y. 205.)

The order insofar as it sets aside the verdicts against the City of Rome should be affirmed, and the order insofar as it sets aside the verdicts of no cause of action as to defendant Parkhurst should be reversed and the verdicts reinstated.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order insofar as it sets aside the verdicts against the City of Rome affirmed, with costs to abide the event; order insofar as it sets aside the verdicts of no cause of action as to defendant Parkhurst reversed on the law, without costs and verdicts reinstated.