■ INSTITUTE FOR MOTIVATIONAL RESEARCH, INC., Respondent-Appellant, v. EMIL KRAEMER, Respondent, and PHILIP GALLAGHER, Appellant-Respondent. — In an action to recover money paid by plaintiff for repairs to a roadway, and for other relief, the court (1) found, after trial, in favor of plaintiff and against

defendant Gallagher for money expended by plaintiff in August, 1955, October, 1955, and October, 1956, (2) found in favor of defendant Kraemer against the plaintiff, (3) denied plaintiff's prayer for other relief and (4) dismissed the defendants' counterclaims. Defendant Gallagher appeals from so much of the judgment entered thereon (a) as is in favor of plaintiff and against him, (b) as dismisses the complaint against defendant Kraemer, and (c) as dismisses his counterclaims and the counterclaim of defendant Kraemer. Plaintiff appeals from so much of said judgment as dismisses the complaint against defendant Kraemer and as denies plaintiff's request for other relief. Appeal by defendant Gallagher from so much of the judgment as dismisses the complaint against defendant Kraemer and as dismisses the counterclaim of said defendant dismissed, without costs. (*Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124; *Nekris* v. *Yellen,* 302 N. Y. 626; Civ. Prac. Act, § 557.) Judgment insofar as it is in favor of plaintiff and against defendant Gallagher for $5,606.96 reversed, with costs to abide the event, action severed and a new trial granted as to plaintiff's claim for money expended in August, 1955, October, 1955, and October, 1956. Judgment, insofar as it dismisses the complaint against defendant Kraemer, dismisses the counterclaims of defendant Gallagher, and denies plaintiff's request for other relief, affirmed, without costs. In our opinion, the evidence is not sufficient to show that all the repairs for which plaintiff was granted recovery were brought about because ordinary passenger vehicles did not have reasonable access over the roadway to plaintiff's place of business between August, 1955 and October, 1956. The record does not permit us to segregate the items for which plaintiff may recover. Therefore, a new trial is necessary. The trial court properly held that the writing which contains the obligation is binding only on defendant Gallagher. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.