Desmond, J.
Since appellant Togut has no right of contribution against Bloomberg, Togut is not aggrieved by the dismissal of the complaint as to Bloomberg and, accordingly, has no right to appeal here as against Bloomberg. The $17,500 judgment which Togut paid was, when he paid it, a judgment against Togut alone, since the complaint as against Bloomberg had already been dismissed and Bloomberg was not a judgment debtor in any sense or for any purpose. Togut by paying a judgment which stood against himself alone could under no possible theory acquire any right of contribution against Bloomberg who had been dismissed out of the case.
The only legal basis in New York for any contribution between tort-feasors is section 211-a of the Civil Practice Act which *131 neither in words nor in adjudged meaning can have any application to Togut’s situation. That statute sets these plain, simple requirements for contribution: ‘ ‘ Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury * * * and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants ”. Again and again this court has held that this clear statute means just what it says and that all its requirements must be met. As we pointed out in Ward v. Iroquois Gas Corp. (258 N. Y. 124, 128): “Section 211-a was enacted to change the common-law rule and permit contribution where a money judgment has been recovered jointly against two or more joint tort feasors, and paid1 in part or in full ’ by one or more defendants. ’ ’ The Ward opinion remarks “ the clear wording of the section ”. It makes it entirely plain that before section 211-a comes into play there must be payment by one judgment debtor of a judgment outstanding against him and others. There was no such judgment in this case at the time Togut paid.
Our most recent construction of section 211-a is found in McFall v. Compagnie Maritime Belge (304 N. Y. 314, 328): “ The common-law rule denying contribution to joint tort-feasors has been partially abrogated in this State by the enactment of section 211-a of the Civil Practice Act which authorizes contribution if two conditions exist: (1) a joint money judgment against the tort-feasors, and (2) the payment by one tort-feasor of more than his prorata share thereof. (Fox v. Western New York Motor Lines, 257 N. Y. 305, supra.) ” Numerous decisions attest to this. “ Only judgments can be considered” (United States Fid. & Guar. Co. v. Hotkins, 8 Misc 2d 296, 302; see Birchall v. Clemons Realty Co., 241 App. Div. 286, 288). “ A joint judgment is a condition precedent to the right to contribution ” (Haines v. Bero Eng. Constr. Corp., 230 App. Div. 332, 334; see Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 217).
Epstein v. National Transp. Co. (287 N. Y. 456) does not affect our case. In Epstein, the judgment was outstanding against the three defendants at the time defendant National paid it. The Epstein opinion, also, pointed out that at common law there *132 was no contribution between tort-feasors and that the right to contribution depended on the pressure of specific statutory conditions. Section 211-a was described (p. 458) as a statute ‘ ‘ which permits contribution where a money judgment has been recovered jointly against one or more joint tort feasors and has been paid by one, either in part or in full.”
I see no reason for stretching section 211-a to cover a situation not within its scope. Each of several tort-feasors, being severally a wrongdoer, is liable for the payment of the whole claim. The injured person can sue any one wrongdoer and collect in full from him (Neenan v. Woodside Astoria Transp. Co., 261 N. Y. 159, 164) or sue several and collect from one, and at common law that was the end of it. As to one particular carefully spelled out set of facts, the Legislature changed the common law and authorized contribution. We have no such facts here.
The appeal should be dismissed, with costs.