[Civ. No. 25250. Second Dist., Div. Three. Jan. 31, 1962.]

CLARENCE ARTHUR TOWERS, Defendant and Appellant, v. LOUIS FRANCIS PEREZ et al., Defendants and Respondents.*

*This case was appealed under the title of Morris v. Towers.

Robert S. Stearns and Henry F. Walker for Defendant and Appellant.

Early, Maslach, Foran & Williams for Defendants and Respondents.

SHINN, P. J.—Louis Francis Perez and Karl Koerber were named codefendants with Clarence Arthur Towers in an action brought by John R. Morris for damage to his property as a result of a collision between motor vehicles. A jury trial was had in which a verdict was returned in favor of plaintiff against all defendants. Perez and Koerber moved for a new trial and a judgment notwithstanding the verdict; the latter motion was granted, and judgment was entered in their favor. Towers subsequently paid and satisfied the judgment and has instituted this appeal for reversal of the judgment as to Perez and Koerber and to establish his right of contribution against them. (Code Civ. Proc., §§ 875, 876.) He does not appeal from the judgment against him.

In reviewing a judgment notwithstanding the verdict, we must view the evidence in the light most favorable to the verdict (*McFarland* v. *Voorheis-Trindle Co.*, 52 Cal.2d 698, 703 [343 P.2d 923]), and under the rule that a motion for judgment *non obstante veredicto* in favor of a defendant may properly be granted " ' "when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff." (*Card* v. *Boms, supra,* [210 Cal. 200 (291 P. 190)], at p. 202.)' " (*McFarland* v. *Voorheis-Trindle Co., supra,* 52 Cal.2d 698, 703.)

 Towers testified that on March 29, 1958, about 7:30 a. m. he was driving his automobile in a northerly direction on Pacific Boulevard in Glendale and approaching the Dryden Avenue intersection. Pacific is about 46 feet wide. Towers had turned onto Pacific approximately a half mile south of the intersection of Dryden and Pacific. He first observed the truck owned by Koerber, and operated by Perez, when it was about 50 yards south of Dryden. It was in the right lane of traffic and was also traveling in a northerly direction, the right side of the truck being about 4 or 5 feet from the right curb. There was no other traffic on Pacific nor were there any vehicles parked on the street. The truck was equipped with rear-view mirrors of a type that extended out from the cab of the truck, one on each side, and so situated that if one looked in the mirrors he could see any cars traveling behind the truck. Traveling between 30 and 35 miles per hour Towers overtook the truck and started to pass on the left about 35 yards from Dryden; he testified he could not have passed it on the right. The left side of the truck was approximately 5 feet to the right of the imaginary middle line of Pacific. As he approached the truck Towers looked to see whether its operator was signaling for a turn and as he started to pass the truck he observed no signal, either hand, or automatic, or blinking light. As he started to pass the truck, he went about half way into the left lane on Pacific as both vehicles approached Dryden. At that moment the truck started turning left, Towers swerved to his left but to no avail, and the vehicles collided. The impact was between the right front fender of the automobile and the left front fender of the truck. Towers' car continued on to the left, went across the street, jumped the curb and hit a pillar in plaintiff's gas station. A police officer who arrived shortly after the accident testified that the point of impact was approximately 17 feet, 8 inches south of the south curb of Dryden and 21 feet west of the east curb of Pacific.

If the facts were as testified to by Towers, Perez committed several statutory violations; intending to turn left he was traveling close to the right-hand curb instead of nearest the center as required by statute for one intending to make such a turn (Veh. Code, § 540, subd. (b), now § 22100, subd. (b)); he gave no signal of intention to turn left as required by Vehicle Code section 545, now section 22110, and section 546, now section 22111; his movement to the left was made at a time when it was not reasonably safe to do so since appellant's

vehicle was in the process of passing (Veh. Code, § 544, subd. (a), now § 22107).

Any one of these violations could have been found a proximate cause of the accident. The fact that Towers looked for a signal by Perez of his intention to turn left, and saw none, would support a finding that none was given.

Evidence that witnesses heard or saw no signal warning is sufficient to sustain a finding that no warning was given, notwithstanding positive testimony of other witnesses to the contrary, the full effect of which is to create a conflict to be resolved by the verdict of the jury. (See cases collected, 19 Cal.Jur.2d, Evidence, p. 253.)

In his testimony Perez contradicted the testimony of Towers in material particulars. He testified he was driving with his left wheels along the middle of the street; he looked in his rear-view mirror and did not see the Towers car, and he gave a signal for a left turn by a mechanical arm signal on the left side of the truck.

Respondents say the correctness of the court's ruling is conclusively demonstrated by the facts, (1) Perez signaled his intention to make the turn, (2) he was in a proper position to make the turn, and (3) he used reasonable care to see that the roadway was clear. Their entire brief is an argument on the credibility of Towers and Perez and the weight of the evidence, and they seek to justify the action of the court upon the ground that the judge believed the testimony of Perez, and not that of Towers. It is an untenable argument.

It was for the jury to decide whether the facts were correctly stated by Towers or by Perez. Since the testimony of Towers, if given full credit (which must be presumed), was sufficient to establish the negligence of Perez, the court, in ruling on the motion for judgment *non obstante*, could not substitute its own judgment for that of the jury.

The evidence was clearly sufficient to support the verdict, and it was error to enter judgment in conflict therewith.

The noticed appeal from the order granting motion for judgment notwithstanding the verdict is dismissed. The judgment notwithstanding the verdict is reversed with directions to enter judgment on the verdict against Perez and Koerber.

Ford, J., and Frampton, J., pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.