■ MARTIN BERNSTEIN, Respondent, v. REMINGTON ARMS COMPANY, INC., Appellant, et al., Defendants.— In a negligence action against: defendant Remington Arms Co., Inc., the manufacturer of a .22 calibre explosive cartridge; the defendant Powder Power Tool of New York, Inc., the manufacturer of a special power tool known as "Drive-It 300", in which such explosive cartridge was utilized; and the defendant Holes, Inc., the seller of the tool, to recover damages for personal injuries sustained by plaintiff when the tool exploded unexpectedly in his hand after it had failed to operate upon normal firing, the defendant Remington appeals from a judgment of the Supreme Court, Queens County, entered May 9, 1961 after trial, upon the jury's verdict of $15,000 in favor of plaintiff against it, and upon the court's granting of the motions, at the end of plaintiff's case, to dismiss the complaint as against the other two defendants, Powder Power Tool of New York, Inc., and Holes, Inc., and to dismiss the latter's cross complaint. Defendant Remington has appealed from the entire judgment. Neither the plaintiff nor either one of the other two defendants has appealed from any part of the judgment. Judgment, insofar as it is in favor of plaintiff against the defendant Remington Arms Co., Inc., reversed on the law and the facts, with costs to abide the event; new trial ordered as between the plaintiff and said defendant only; and action severed as to the other defendants. Appeal by the defendant Remington, insofar as it is taken from the portion of the judgment which dismissed the complaint against the defendant Holes, Inc., and which dismissed the latter's cross complaint, dismissed, without costs, upon the written stipulation of the defendants Remington and Holes contained in the record. Appeal by the defendant Remington, insofar as it is taken from the portion of the judgment which dismissed the complaint against defendant Powder Power Tool of New York, Inc., dismissed, without costs. As to such portion of the judgment, the defendant Remington is not a party aggrieved (Civ. Prac. Act, § 557; *Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Nekris* v. *Yellen*, 302 N. Y. 626; *Baidach* v. *Togut*, 7 N Y 2d 128; *Schultz* v. *Alfred*, 11 A D 2d 266, 268). Plaintiff claims that on December 3, 1954 he was using a "Drive-It 300" tool which was manufactured by the defendant Powder Power Tool of New York, Inc., and sold by the defendant Holes, Inc.; that this tool utilized a .22 calibre rim-fire cartridge manufactured by the defendant Remington Arms Company, Inc., and sold by it to the Powder corporation and that while he was using the tool, the cartridge suffered a delayed fire and exploded, causing his injuries. The court charged the jury (a) that it was to determine whether the cartridge was "made so perfectly that there is not any chance in the world of there being a defect in this cartridge"; and (b) that "if you have found that the cartridge belonged to Remington, or was manufactured by Remington, and

you have found that there was a defect, if you have reached that point, you have now found that Remington is negligent." In our opinion, the charge as thus given was erroneous. Its effect was to fasten upon Remington the absolute liability of an insurer. Of course, in this negligence action it has no such liability. One who manufactures a product which is dangerous unless carefully made is required to exercise only reasonable care in its manufacture (2 Restatement, Torts, § 395). The liability of defendant Remington, therefore, must be predicated upon its failure to exercise a reasonable degree of care commensurate with all the circumstances. We are also of the opinion that defendant Remington was deprived of a fair trial by the prejudicial effect of the trial court's inadvertent remarks and conduct, and by its errors in the charge. A new trial is required in the interests of justice. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.