[Civ. No. 21035. First Dist., Div. Two. Dec. 16, 1963.]

GUY F. ATKINSON COMPANY, Defendant and Appellant, v. ROBERT FRANK CONSANI, Defendant and Respondent.

Leslie L. Roos for Defendant and Appellant.

Spridgen, Moskowitz, Barrett & Achor and William G. Luckhardt for Defendant and Respondent.

TAYLOR, J.—This appeal following a jury trial for personal injuries in which plaintiff prevailed is brought by one defendant to reverse judgment for a codefendant on the contention that an erroneous instruction may have cost the appellant its right to contribution.

The facts material to the case are as follows: During the 1960 reconstruction of Highway 101 near Santa Rosa, Philip Auchard, a state highway engineer, was injured by respondent Consani, an independent trucking contractor working under the supervision and control of appellant Atkinson. In 1962, judgment was entered on a jury verdict in favor of Auchard and against appellant Atkinson, and in favor of respondent Consani and against Auchard. The judgment was fully satisfied by the appellant Atkinson and the appeal as to Auchard voluntarily dismissed (Cal. Rules of Court, rule 19(b) ).

The appellant contends that it is a party aggrieved because the verdict in favor of respondent Consani based on a concededly erroneous instruction[1] deprived it of its prospective right to contribution under section 875 of the Code of Civil Procedure. Respondent contends that the enactment of this statute did not change the law concerning appeals; that since the appellant has not met the requirement of the statute or any of the exceptions to the common law rule against contribution by joint tortfeasors, this appeal must be dismissed.

Appellant concedes that in this state prior to 1957, a party was not aggrieved by an erroneous judgment in favor of a codefendant (*Richman* v. *Green,* 143 Cal.App.2d 470, 472 [299 P.2d 890] ; *Hession* v. *City & County of San Francisco,* 122 Cal.App.2d 592, 596, 602 [265 P.2d 542] ; *Click* v. *Southern Pacific Co.,* 113 Cal.App. 528 [298 P. 839]), but argues that the rule was changed by the enactment of Code of Civil Procedure sections 875-880. We do not agree.

Prior to the statute, the common law rule, although subject to certain exceptions,[2] was that one joint tortfeasor

---

[1]Respondent concedes that the use of the words ''either or'' in the instruction on joint and concurrent negligence is erroneous but argues it is not prejudicial (*Crabbe* v. *Rhoades,* 101 Cal.App. 503 [282 P. 10]; *Musante* v. *Guerrini,* 125 Cal.App. 556 [13 P.2d 965]).

[2]There is no contention here that the appellant is within one of the well recognized exceptions to the common law rule, such as the right to indemnification as pronounced in *City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802].

could not seek contribution or indemnity from another. Pursuant to section 875 a limited right to contribution became available *where a money judgment has been rendered jointly against two or more defendants in a tort action* (*Augustus* v. *Bean,* 56 Cal.2d 270, 272 [14 Cal.Rptr. 641, 363 P.2d 873] . Where this section is not applicable, however, the common law still prevails (*American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d 520, 523 [21 Cal.Rptr. 33]).

The appellant, citing language in *Thornton* v. *Luce,* 209 Cal.App.2d 542 at page 552 [26 Cal.Rptr. 393], contends that since the judgment in this case has been satisfied and the plaintiff need not suffer the inconvenience and expense of another trial, there is no logical reason why the two defendants should not continue to litigate. While in *Thornton,* the appeals were from judgments favoring both the plaintiffs and codefendants and the court did comment on the burden a retrial would impose on an innocent plaintiff, the ruling of the case is not based on this consideration alone and is directly opposed to the appellant's position here. The court cited the common law rule against the right to contribution, the limited application of the contribution statute of 1957, and emphasized that since the plaintiff alone determines who is to be sued, the appellant would have been powerless to bring other defendants into the action by motions prior to trial. The court in denying precisely the same contention made by the appellant in the instant case, stated at page 551: "What, then, is the right created by section 875 and when does it come into existence? The answer appears to be given in the initial sentence: '(a) Where a *money judgment has been rendered jointly* against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.' Further, subdivision (c) thereof provides, 'Such right of contribution *may be enforced only after* one tortfeasor *has,* by payment, *discharged the joint judgment or has paid more* than his pro-rata share thereof.' (Italics added.) When called upon to determine when the cause of action for contribution arises, i.e., whether at the time of the accident involved or at some later date, our Supreme Court in *Augustus* v. *Bean, supra,* 56 Cal.2d 270, page 272, stated: 'The statutory system for contribution does not concern the relationship of tortfeasors to the one injured but deals with the relationship of tortfeasors to each other *when, after entry of judgment, one of them discharges the common*

*liability.'* (Italics added.) (See also *Hudson* v. *Hutchason,* 171 Cal.App.2d Supp. 869, 871 [340 P.2d 756].)''

In *Thornton,* the court also asserted that any extension of the right to enforce contribution between joint tortfeasors is solely a matter of legislative concern. The court said: ''Whatever merit, if any, there might be in a suggestion that the Legislature should consider the desirability of devising some method by which wrongdoers might litigate their respective rights, it is clear that it has not as yet done so.'' (P. 552.)

Appellant relies on contrary authority in other jurisdictions, particularly *Hutcherson* v. *Slate* (1928) 105 W.Va. 184 [142 S.E. 444]. There is a split of authority (see 60 A.L.R.2d 557) but California follows the construction applied by the New York courts to section 211-a of the New York Civil Practice Act. The New York statute, enacted in 1928, is substantially identical to section 875 of our Code of Civil Procedure. All of the decisions interpreting the New York statute hold that a party has no right of appeal from a judgment in favor of a codefendant (*Price* v. *Ryan* (1930) 255 N.Y. 16 [173 N.E. 907]; *Ward* v. *Iroquois Gas Corp.* (1932) 258 N.Y. 124 [179 N.E. 317]; *Hughes* v. *Parkhurst,* 284 App.Div. 757 [134 N.Y.S.2d 798, 799]; *Epstein* v. *National Transp. Co.,* 287 N.Y. 456 [40 N.E.2d 632, 141 A.L.R. 1202]; *Bernstein* v. *Remington Arms Co.* (1962, 16 App.Div.2d 694 [227 N.Y.S. 2d 802]).³ In *Baidach* v. *Togut* (1959) 7 N.Y.2d 128 [196 N.Y.S.2d 67, 164 N.E.2d 373], an action was brought by a patient against the owner of a private hospital and the attending physician for injuries sustained in the course of hospitalization and treatment. After the complaint against the physician was dismissed, the hospital paid the judgment recovered by the patient and sought to appeal the dismissal of the complaint against the physician. In dismissing the appeal, the court stated that by the express terms of the statute,

³Appellant's citation of *Epstein* v. *National Transp. Co., supra,* is erroneous as that case involved a joint judgment against all of the defendants. Likewise, in *Towers* v. *Perez,* 199 Cal.App.2d 701 [19 Cal. Rptr. 135], the verdict established the liability of all defendants. The case was decided on the propriety of the judgment notwithstanding the verdict rather than section 875. The workmen's compensation cases, like *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], also cited by the appellant, are not in point (see *Chick* v. *Superior Court,* 209 Cal.App.2d 201 [25 Cal.Rptr. 725] and *American Can Co.* v. *City & County of San Francisco, supra,* at p. 523).

a *joint judgment was a condition precedent to the right of contribution.*

As at common law there was no contribution between tortfeasors, the right of contribution depends on the presence of specific statutory conditions. The language of the statute is clear and leaves no room for interpretation. We see no reason for stretching section 875 to cover a situation not within its scope. Each of several tortfeasors, being severally a wrongdoer, is liable for the payment of the whole claim. The injured party can sue and collect in full from any one wrongdoer (Code Civ. Proc., § 875, subd. (g)). The Legislature changed the common law and authorized contribution in a well-defined factual situation. The necessary facts are not present in this case.

In view of our conclusion, we need not consider the merits of the arguments concerning the questionable instruction.

The appeal is dismissed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964.