Nathaniel T. Helman, J.
Defendant Satozky moves for judgment by way of contribution between tort-feasors pursuant to CPLR 1401 as against his codefendants in a malpractice action. The action was brought for damages for personal injuries and wrongful death against the owner of a hospital and several physicians. Plaintiff recovered a judgment against all defendants except Leshne and Satozky has paid in satisfaction thereof the total of said judgment. He now seeks recovery from the remaining defendants of their prorata share, amounting to $68,092.92. It appears that all of the defendants appealed the judgment but same was unanimously affirmed by the Appellate Division (20 A D 2d 850). Thereafter, defendants Mt. Eden Hospital and Brandi requested permission from the Court of Appeals to appeal to that court. Such request was granted (14 N Y 2d 486). The other defendants, not having preserved their right to appeal, were required to pay the judgment. It may be noted that two contentions were made to the Court of Appeals, (1) that the Trial Judge erred in improperly correcting the verdict of the jury, and (2) that as to some of plaintiff’s theories of negligence no prima facie case was proven.
It is the claim of the appealing defendants that Satozky’s motion is premature; that a favorable decision might result in a reduction of judgment on their first contention, and a new *186 trial on the second. Thus, it is urged, the appealing defendants could be held not liable to the plaintiff in the action, yet liable to a codefendant.
It was an established principle at common law that, as between joint tort-feasors, there was no right of contribution. The rule was gradually changed in many jurisdictions to require contributions so long as the joint tort-feasors shared a common liability to the injured person. The statutory language employed in former section 211-a of the Civil Practice Act has now been carried substantially into the new CPLR 1401. No time restriction was placed by either statute on the right of a defendant who has satisfied the judgment to pursue his remedy. An examination of the legislative reports relating to the adoption of the new section 1401, indicates that the legislative committee, in approving the absorption of the language of section 211-a in the new section, “ recommended no change in the substance of the provision governing contribution among tort-feasors ” (Fourth Preliminary Report of Advisory Comm., 1960, p. 61). The significant language “ each defendant who has paid more than his pro rata share shall be entitled to contribution from the other defendants with respect to the excess paid over and above his pro rata share” appears in both statutes (CPLR 1401; Civ. Prac. Act, § 211).
The only case involving similar facts to which the court has been referred is Salvatore v. City of New York (184 Misc. 823, 824). There the court denied contribution stating: “If the Legislature intended to give this right to a defendant against a codefendant pending an appeal, which the latter had an absolute right to take, it should have stated so in the section.” Yet, may not one add, conversely, that had the Legislature intended to deny to the judgment creditor his right to enforce his judgment pending appeal, it might have so stated? Inequalities and sometimes inequities manifest themselves in contribution cases. Yet these provide no basis for reading into the statute a stay of proceedings not specifically provided for. Defendants may argue that an injustice may result if the appellate court reverses or modifies the judgment, yet plaintiff may also be prejudiced by a delay in the enforcement of its rights. Thus, where a judgment is procured against several tort-feasors and one is or becomes insolvent, the remaining solvent defendant is only liable for one third of the total payment.
In Baidach v. Togut (7 N Y 2d 128) the court emphasized that two conditions only must be met to authorize contribution under the statute: (1) a joint money judgment against the tort *187 feasors and (2) the payment by one tort-feasor of more than his prorata share thereof. Nor can there by any question that a reversal of the judgment in favor of plaintiff will automatically reverse an earlier order awarding contribution (Mulligan v. New York Univ., 254 App. Div. 107). It may also be observed that defendants may at all times pursue in the appellate courts such application for a stay as that court may deem appropriate. Movant is clearly entitled to the contribution which he seeks.
There remains the further contention of the defendants that Mt. Eden Hospital and Brandi constitute one unit, and are jointly liable for only one half of the judgment. It appears that Brandi was an employee of the hospital, and it is now claimed that the master and servant relationship creates a single unit for contribution purposes. The hospital was charged, however, with responsibility because of its (1) employment of incompetent personnel, (2) failure to take proper tests and to employ certain equipment (oxygen), (3) failure of proper supervision in the administration of an injection. Brandi was charged with carelessly administering the injection. In charging the jury the trial court stated that in administering the injection Brandi “ is responsible for his own actions under the law ”. Separate verdicts were brought in as against each defendant. Indeed, defendants’ memorandum acknowledges that “ Dr. Brandi’s negligence was not the only basis upon which the jury was allowed to find the hospital liable ’ ’. The determination of the jury was not based on the derivative liability of an employer for an employee. The motion is in all respects granted.