344 So.2d 256 (1977)
NORTH SHORE HOSPITAL et al., Appellants,
v.
Dr. Wayne B. MARTIN, Appellee.
No. 77-171.
District Court of Appeal of Florida, Third District.
March 18, 1977.
Rehearing Denied April 13, 1977.
*257 Corlett, Merritt, Killian & Sikes; Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, and Richard A. Sherman, Miami, for appellants.
Carey, Dwyer, Cole, Selwood & Bernard, and Steven R. Berger, Miami, for appellee.
Before HENDRY, C.J., and NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.

ON MOTION TO DISMISS
NATHAN, Judge.
Dr. Wayne B. Martin, appellee, moves to dismiss the appeal by North Shore Hospital, David Whelehan, The Fidelity and Casualty Insurance Company and United States Fire Insurance Company, who were codefendants with Dr. Martin in a medical malpractice action. A jury verdict was rendered at trial against all of the appellants, but in favor of Dr. Martin. The record reflects that no cross claims were filed by any of the defendants to the action and that the plaintiff did not take an appeal from the judgment in favor of Dr. Martin.
The issue before us, then, is whether the appellants can complain of the exoneration of Dr. Martin. We are of the opinion that they cannot, under the facts of this case.
The appellee contends that a codefendant cannot challenge a verdict rendered in favor of another codefendant. While this rule appears to be firmly established in Florida case law, see O'Brien v. Francis, 231 So.2d 13, 14 n. 1 (Fla.3d DCA 1970), our examination of decisions bearing on this point has disclosed that such cases were bottomed on the premise that there was no common law contribution among joint tortfeasors. See Jackson v. Florida Weathermakers, Inc., 55 So.2d 575, 577 (Fla. 1951), citing Crenshaw Brothers Produce Co., Inc. v. Harper, 142 Fla. 27, 194 So. 353, 359 (1940). Since contribution among joint tortfeasors is now authorized by Section 768.31, Florida Statutes (1976 Supp.), it is necessary to re-examine the doctrine which prohibits a defendant from challenging the exoneration of a codefendant in light of the instant circumstances.
Although it appears that no Florida appellate decisions have been rendered directly on this question,[1] the courts in several other states have considered it in the face of contribution statutes. A split of authority has developed in this area.
The Supreme Court of Appeals of West Virginia has held that a defendant is prejudiced by an erroneous jury instruction favoring a codefendant, and that therefore the adversely affected party should have a right to complain on appeal as to the exoneration of the codefendant who benefitted from the improper instruction. Hutcherson v. State, 105 W. Va. 184, 142 S.E. 444 (1928). Similarly, the Supreme Court of Minnesota has held that a judgment defendant is aggrieved by the exoneration of a codefendant, and should thus be entitled to appeal. Bocchi v. Karnstedt, 238 Minn. 257, 56 N.W.2d 628 (1953); Muggenberg v. Leighton, 240 Minn. 21, 60 N.W.2d 9 (1953).
On the other hand, more recent decisions from other states have denied the right of defendants to complain of errors which result in verdicts that are favorable to codefendants.
The Supreme Court of Missouri has held that a defendant cannot complain of an instruction given at the request of a codefendant on the grounds that the instruction prevented a finding of joint liability. Eller *258 v. Crowell, 238 S.W.2d 310 (1951 Mo.); Nix v. Gulf, Mobile & Ohio Railway Co., 362 Mo. 187, 240 S.W.2d 709 (1951); Ciardullo v. Terminal Railway Ass'n of St. Louis, 289 S.W.2d 96 (Mo. 1956). The Missouri high court has also held that a defendant in a tort action cannot complain of the direction of a verdict in favor of a codefendant. May v. Bradford, 369 S.W.2d 225 (Mo. 1963).
Directly addressing the impact of a contribution statute on the right of appeal by a codefendant, several California decisions have held that no such right exists. The supreme court of that state determined in Augustus v. Bean, 56 Cal.2d 270, 14 Cal. Rptr. 641, 363 P.2d 873 (1961), that the statutory cause of action for contribution would only arise where one of several tortfeasors had discharged the common liability after entry of judgment. This language was referred to in the later decision of Guy F. Atkinson Co. v. Consani, 223 Cal. App.2d 342, 35 Cal. Rptr. 750 (1964), wherein the court definitively ruled that the contribution statute had not changed the existing rule that a party has no right of appeal from a judgment favoring a codefendant. The Atkinson court noted that there was no common law right of contribution among tortfeasors and that the right of contribution was therefore dependent upon the presence of specific statutory conditions. Whereas contribution was authorized in certain well-defined factual situations, the court clearly felt that any extension of the right to enforce contribution was a matter of legislative concern. Atkinson, supra at 752. See also Swails v. General Electric Co., 264 Cal. App.2d 82, 70 Cal. Rptr. 143 (1968).
The courts of New York have drawn essentially the same conclusion. See Ward v. Iroquois Gas Corp., 258 N.Y. 124, 179 N.E. 317 (1932); Wolfson v. Darnell, 12 N.Y.2d 819, 236 N.Y.S.2d 67, 187 N.E.2d 133 (1962). In Baidach v. Togut, 7 N.Y.2d 128, 196 N.Y.S.2d 67, 164 N.E.2d 373 (1959), the Court of Appeals of New York found that contribution was authorized by statute only where two conditions had been met: (1) the rendition of a joint money judgment against two or more tortfeasors and (2) payment by one tortfeasor of more than his pro rata share of the judgment.
We are of the opinion that long-standing rules of statutory construction require that we adopt an approach similar to those taken in New York and California. Like those states, Florida did not recognize contribution between joint tortfeasors at common law, but the legislature has now enacted a statute allowing contribution in certain specified instances. According to Section 768.31, Florida Statutes (1976 Supp.), contribution is to be allowed where "two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death... ." Further, the right of contribution exists only to the extent that one tortfeasor has paid more than his pro rata share "of the common liability." Section 768.31(2)(b), Florida Statutes (1976 Supp.). Of particular importance herein is the fact that "common liability" is a necessary precondition to the right of contribution. That is to say that the right to contribution only arises after liability has been established. If the legislature had intended to allow a defendant to appeal the exoneration of a codefendant whose liability was not actively pursued by the complaining party, it would have done so clearly, given the prevailing policy which denies such appeals. See Allstate Mortgage Co. of Florida v. Strasser, 277 So.2d 843 (Fla.3d DCA 1973), aff'd, 286 So.2d 201 (Fla. 1973). Thus, defendants in this case should not be allowed to appeal the rendition of a judgment favorable to their codefendant. Accordingly, the motion is granted and this appeal is dismissed.
Dismissed.
NOTES
[1] But see Liberty Mutual Insurance Co. v. Curtiss, 327 So.2d 82 (Fla. 1st DCA 1976).